[Crim. No. 801. Fourth Dist. May 11, 1949.]

THE PEOPLE, Respondent, v. MORGAN A. ISRAEL et al., Appellants.

Morgan A. Israel and Michael Patrick Marvich, in pro. per., for Appellants.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

BARNARD, P. J.—About 11:00 a. m. on March 5, 1948, two men, each holding a revolver in his hand, robbed the office of a used car lot in Fresno. They threatened three employees with the guns and took $24. When these employees were unable to open the safe the men left, taking a black Ford car belonging to the owner of the lot. This Ford car was found on another parking lot the next day. The same day, March 6, a Buick automobile owned by Bert Fryrear was taken from a street in Fresno where it had been parked. On March 13, 1948, officers found this Buick car parked on a street in Long Beach with these defendants asleep therein. Marvich had the keys to the Buick in his pocket.

Count I of the information charged each defendant with "Armed Robbery, a felony, in that . . . they did, while armed with a deadly weapon, to wit, a gun, rob ——.'' Count II charged each defendant with a felony, grand theft of an automobile belonging to one Sam Davidson. Count III charged Israel with a violation of section 2, Act 1970 of 1 Deering's General Laws [Stats. 1923, p. 695 as amended], a felony, in that he had in his possession a firearm capable of being concealed upon the person and that at said time he had been convicted of five felonies which were named, together with the periods and places of imprisonment. Count IV charged defendant Marvich with a similar crime, it being alleged that he had been convicted of three felonies. Count V charged each of the defendants with a felony namely, grand

theft of an automobile belonging to Bert Fryrear. It was alleged that all of these crimes were committed in Fresno County, the first four on March 5, 1948, and the fifth on March 6, 1948. The information also charged Israel with five prior convictions of felonies and Marvich with three such prior convictions. The defendants pleaded not guilty as to each count of the information, but each admitted the prior convictions therein charged as to him.

At the trial the defendants denied having committed any of these offenses and denied that they had been in Fresno at the times in question. They attempted to prove an alibi, producing some five witnesses who testified that the defendants were in Sacramento on March 5 and 6, during the hours when the crimes were committed. Marvich testified that during the evening of March 11, he took two drinks in a house at Sacramento; that shortly thereafter he went to sleep; and that the next thing he remembered he was looking into the barrel of the officer's gun in Long Beach at about 3:30 a. m. on March 13. Israel testified that he had taken several drinks from a bottle while riding in a car with two men in Sacramento on the evening of March 11, and that the next thing he remembered was being in the Long Beach jail on March 13. That the jury did not accept the alibi as true is fully apparent and the record discloses ample reason for its action in that regard. Each of the three employees of the used car lot, who were held up on March 5, positively identified the two defendants as the ones who had committed that crime.

The jury found each defendant guilty of robbery in the first degree as to count I, and guilty of grand theft of an auto as to count II. On count III Israel was found guilty of violating section 2, Act 1970 of 1 Deering's General Laws, as charged. On count IV, Marvich was found guilty of a similar charge. On count V each defendant was found guilty of grand theft of an auto, as charged therein. A motion for new trial as to each defendant, and a motion for arrest of judgment as to count I, were denied. The court sentenced each defendant to imprisonment in the state prison until legally discharged. As to Israel, it was ordered that counts I and V run consecutively but that counts II and III run concurrently with counts I and V. As to Marvich, counts I and V were ordered to run consecutively and counts II and IV to run concurrently with counts I and V. Each defendant was further adjudged an habitual criminal under section

644 of the Penal Code, the court reserving the right to change its order within 60 days. The defendants have appealed from the judgment and from an order denying their motion for a new trial.

■ It is first contended that count I of the information fails to charge a public offense in that it fails to set forth the essential elements of robbery, and does not allege that personal property was taken from the possession of another against his will and by means of force or fear. It is argued that the defendants could not be expected to know the meaning of the word "rob" and thus were not given notice as to the offense for which they must stand trial. No demurrer was interposed and the record indicates that the appellants were not in any doubt as to the nature of the charge from a factual standpoint. While the form of the charge in this count is not one to be especially commended it sufficiently apprised the appellants of the offense of which they were charged, and substantially complied with the form authorized by sections 951 and 952 of the Penal Code. (*People* v. *Flohr*, 30 Cal. App.2d 576 [86 P.2d 862]; *People* v. *Kent*, 90 Cal.App.2d 77 [202 P.2d 376]; *People* v. *Fallai*, 99 Cal.App. 297 [278 P. 449].) Moreover, it could not be held in this case that any substantial rights of the appellants were prejudiced by any defects or omissions in the form of this count of the information. ■ It is further argued in this connection that the verdicts on count I are contrary to law since they found the appellants guilty of robbery as charged in count I and failed to specifically find that the appellants had feloniously taken personal property from the possession of another by means of force or fear. This contention is without merit for the reasons above given. The verdicts were general and necessarily included an implied finding on each of the elements of the crime charged. (*People* v. *Murray*, 42 Cal.App.2d 209 [108 P.2d 748].) No objection to the form of the verdict was made at the time it was returned. (*People* v. *Gayle*, 202 Cal. 159 [259 P. 750].)

■ It is next contended that counts II and V fail to charge grand theft of an auto because they fail to allege that the appellants intended to permanently deprive the owner of the automobile. In these counts the appellants were accused of felony, grand theft of an auto in that on a certain day they unlawfully took the property of a certain person, consisting of an automobile. This was sufficient under the short form authorized by the Penal Code. (*People* v. *Main-*

*hurst*, 67 Cal.App.2d 882 [155 P.2d 843] ; *People* v. *Orona*, 72 Cal.App.2d 478 [164 P.2d 769].) The jury were instructed with respect to the necessary elements and the evidence was amply sufficient to support the implied finding of a felonious intent to deprive the owner of its possession.

It is next contended that counts III and IV fail to charge a public offense. It is argued that while these counts charged the respective appellants with being a person who had been convicted of felonies and with having in his possession a firearm capable of being concealed upon the person they fail to allege that said firearms had barrels of less than 12 inches in length and .that, consequently, the appellants were not given notice of the charge upon which they were to be tried. The length of the barrel.of the firearm referred to in the statute is given in a further definition of some of the terms used. The complaint here not only described the offense charged in plain and understandable language but it referred particularly to the statute itself. Not only were the appellants fully apprised of the nature of the offense charged but the jury was instructed as to the essential elements, and the evidence amply showed a violation of the statute.

It is further contended that counts III and IV placed the appellants twice in jeopardy for the same offense attempted to be charged.in count I, in which they were charged with armed robbery. These are two distinct offenses and the fact that the possession of a gun happens to be an element in each offense is immaterial.. (*People* v. *Warren*, 16 Cal.2d 103 [104 P.2d 1024] ; *People* v. *Perry*, 99 Cal.App. 90 [277 P. 1080].) This is further supported by the decision of *In re Shull*, 23 Cal.2d 745 [146 P.2d 417], relied on by the appellants.

It is next contended that it was a violation of the due process clause of the Fourteenth. Amendment' to the federal Constitution to ''read defendants' prior convictions of felony to the jury after defendants had admitted them as charged.'' It is argued that at the outset of the trial the trial judge informed the entire jury panel that the defendants had previously been convicted of felonies; that upon reading the information to the jury the prior convictions charged therein were also read although these had been admitted by the defendants; that this was in violation of sections 1025 and 1093 of the Penal Code; that the jury was thus informed that Israel had suffered five prior felony convictions and Marvich three prior felony convictions; and that this was prejudicial error. Many

cases are cited, including *People* v. *Meyer*, 73 Cal. 548 [15 P. 95] and *People* v. *Richardson*, 74 Cal.App.2d 528 [169 P.2d 44].

So far as the record affirmatively shows, the only reference to prior convictions was relative to those counts in which the appellants were charged with a violation of section 2, Act 1970 of 1 Deering's General Laws. At the beginning of the trial the judge told the jury panel what the charges were, briefly reviewing the five counts of the information, including those of counts III and IV. In impaneling the jury 24 prospective jurors were examined. The district attorney did not refer to prior convictions in examining the first of these. However, defense counsel asked this prospective juror if she would be influenced by the fact that both defendants had previously been convicted of felonies. The district attorney then stated to the second juror that some mention of prior convictions had been made and asked the juror whether he could apply such evidence to the counts where that particular thing was charged and not be influenced by that fact with respect to other counts. The district attorney only referred to the matter thereafter while questioning three other jurors, each of whom was asked, in effect, whether he could thus segregate the matter and apply evidence as to prior convictions only to the counts in which it was charged. However, the defense counsel asked 14 of the prospective jurors whether or not they would be influenced in their verdict by reason of the prior convictions. ■ After the jury was sworn in the record merely shows that the information was read to the jury by the clerk. It must be presumed that the clerk complied with the duty imposed upon him by section 1093 of the Penal Code and that, in reading the information, he omitted therefrom the general charges of prior convictions which followed the five counts.

■ It would appear, however, that counts III and IV were read to the jury as part of the new charges and these included, as essential parts thereof, the fact that the appellants had previously been convicted of felonies. When the district attorney started to prove the charges contained in counts III and IV he put on a witness for the obvious purpose of proving that the appellants had suffered prior convictions. Before anything was said in this regard, the appellants stipulated that the prior convictions as alleged in those counts were correct and the matter was dropped. The matter of prior convictions was an essential part of the charges contained in

counts III and IV, the fact of prior convictions being of the essence of the specific crimes there charged. The matter of prior convictions was referred to only in that connection, the appellants' counsel accepted the situation and went into the matter on the examination of jurors to a much greater extent than did the district attorney, and no objection was made at any time. The court instructed the jury that, aside from purposes of impeachment, the evidence of prior felony convictions could be considered by it only in reaching verdicts under counts III and IV. Under these circumstances, no prejudicial error appears. (*People* v. *Murray,* 42 Cal.App.2d 209 [108 P.2d 748].) Counts III and IV included, as a substantive part of the offense, the fact that a person charged with having in his possession a prohibited firearm was a person who had been convicted of a felony. By pleading not guilty to those counts the appellants put in issue all of the facts necessary to a conviction thereunder. In such a situation the statutory requirement that the admission of a general charge of prior convictions shall not be read to the jury or referred to cannot be controlling. (*People* v. *Forrester,* 116 Cal.App. 240 [2 P. 2d 558]; *People* v. *McFarlan,* 126 Cal.App. 777 [14 P.2d 1066].) Under such circumstances, the necessary reference to prior convictions could not be held prejudicial. (*People* v. *Chapman,* 81 Cal.App.2d 857 [185 P.2d 424].)

█ It is next contended that the district attorney was guilty of prejudicial misconduct in trying to prove that Marvich had attempted to escape from jail, knowing that he was unable to prove that fact. A cellmate testified that while confined in jail Marvich secured a file and pliers from a trusty and made active preparations for an escape; that he loosened the screws on a ventilator, filed a part of the door and removed bolts; and that he had seen him take bolts out of the door and go into another part of the building at night. Jailers testified that they learned that an escape attempt was being made; that they found that the cell door had been loosened and could be opened; and that the ventilator had been tampered with and loosened. Appellants' main argument is that the evidence is not factually sufficient to establish an escape attempt. The court was not asked to instruct the jury to disregard this testimony and it is by no means certain that it was inadmissible. (*People* v. *Arnold,* 199 Cal. 471 [250 P. 168].) In any event, there is nothing to indicate that the district attorney was guilty of misconduct or that he attempted to prove a fact when he knew he

would be unable to prove it. The court instructed the jury that an attempt to escape while awaiting trial is not sufficient in itself to establish guilt but is a fact which, if proved, may be considered in the light of all other proved facts in deciding the question of guilt or innocence. There is no merit in the contention here made.

It is next contended that the trial judge committed prejudicial error by casting doubt upon the testimony of defense witnesses. In the first instance, a witness testified that Israel had told him that on a certain occasion he (Israel) called to see a doctor at a military field. The court remarked: "I'll sign an order for that if you want to make an investigation on that." In another, the judge asked an alibi witness "Are you interested in making an alibi for Israel?" When the witness replied "No," the matter was dropped. In another, when an alibi witness was testifying about the markings he had made on a calendar, the judge said: "I think you had better mark this and get it in evidence." "Its marked the 3rd and all the other months are marked the 5th." In another instance the witness had testified that he was in a certain place of business on March 5, and while the district attorney was questioning him as to whether or not he was positive about that the judge said: "Well, I think the record is clear on that. I think he testified to that." The judge then asked the witness several questions as to whether he was sure he was in the place of business on July 5 (which was also marked) reminding him that the 4th of July was celebrated on that day. Nothing appears other than a purpose on the part of the judge to bring out the real facts and to clarify the testimony. No assignment of misconduct or request for an admonition to the jury was made, and we can see in these incidents no improper comment upon the evidence. (*People* v. *Warren*, 16 Cal.2d 103 [104 P.2d 1024]; *People* v. *Stanhope*, 37 Cal.App.2d 631 [99 P.2d 1075]; *People* v. *Ramos*, 66 Cal.App.2d 731 [152 P.2d 758].)

It is next contended that the verdicts are contrary to law since "the prosecutor relied on and secured the convictions on prejudicial matters, while the defendants established a conclusive alibi." It is further argued in this connection that this is a close case. We do not agree that this is a close case when the evidence is considered. An alibi was not conclusively established and, so far as the written record is concerned, it is difficult to see how any jury could have accepted it as true. On the other hand, the fact that a robbery took

place at this used car lot on March 5 and that another automobile was taken on March 6 are not disputed. The appellants were positively identified by three witnesses as the parties who held up employees of the used car lot, and there was a great deal of other evidence which tended to confirm their testimony. Beyond question, the appellants were found in possession of the car which was taken on March 6 and their attempted explanation of that fact was far from satisfactory. The evidence was entirely sufficient to sustain the convictions and the verdicts were not contrary to law for any such reason.

It is next contended that the court misdirected the jury. It is first argued that error appears in an instruction to the effect that as the jury might find the facts to be, in relation to count I, it might bring in either a verdict of guilty of robbery in the first degree or as not guilty of robbery as charged in that count, as applying to each defendant. It is argued that the jury should have been allowed to find the appellants guilty of robbery in the second degree. Under the evidence in this case, the defendants were either guilty of robbery in the first degree or not guilty of that offense, and no error appears. The court did instruct the jury as to the necessary elements of that offense and that it was its duty to fix the degree of the crime in the event it found the appellants guilty. It is admitted that another instruction on grand theft of an auto was a correct statement of the law as far as it went, but it is argued that it should also have told the jury that the automobile must be feloniously driven away "with the intent to permanently deprive the owner thereof." This instruction, with the other instructions given, was sufficient. A third instruction, with respect to the prior convictions involved in counts III and IV is attacked because the court, after setting forth the exact language of the statute and telling the jury that aside from purposes of impeachment evidence of such prior convictions could be considered only in connection with those two counts, said: "Those are the counts charging each defendant with the crime of being an ex-convict in possession of a dangerous or deadly weapon." This was merely a brief identification of the counts to which reference was made. The objection made is trivial and no prejudicial error appears. It is also argued that the court erred in giving an instruction that attempt to escape is not sufficient in itself to establish guilt but is a fact which

might be considered in the light of other evidence in deciding the amount of guilt or innocence. It is argued that this instruction does not comply with the provisions of section 1127c of the Penal Code. The instruction used almost the exact language of section 1127c, and no error appears.

 It is next contended that the appellants were not given notice in the information that they were charged as being habitual criminals. It is argued that section 644 of the Penal Code makes the act of being an habitual criminal a separate felony and that the appellants could not be adjudged habitual criminals without a direct allegation in the information charging them as habitual criminals. This contention is completely answered by the case of *In re McVickers,* 29 Cal.2d 264 [176 P.2d 40].

It is next contended that the trial judge did not specifically adjudge the defendants to be habitual criminals. While this was not necessary (*In re McVickers,* 29 Cal.2d 264 [176 P.2d 40]) both the clerk's transcript and reporter's transcript show that such an adjudication was specifically made. While the reporter's transcript shows that the court, in entering the judgment, reserved the right to change this adjudication within 60 days, there is an immaterial error in the clerk's transcript which gives 90 days in this part of the judgment, instead of the 60 days ordered.

 It is next contended that the statute of limitations (Pen. Code, § 800) deprived the trial court of jurisdiction to adjudge the defendants to be habitual criminals. It is argued that the Habitual Criminal Act (Pen. Code, § 644), provides for the punishment of a direct and distinct offense and not for an added punishment, and that it follows that the prior convictions here in question, having taken place more than three years before the filing of the information, were barred. This contention is as fallacious as it is novel. It is well settled that the allegations of previous convictions are not allegations of substantive crimes, and the nature and purpose of such allegations are well settled. (*In re McVickers,* 29 Cal.2d 264 [176 P.2d 40]; *People* v. *Richardson,* 74 Cal.App. 2d 528 [169 P.2d 44].)

 It is next contended that the Habitual Criminal Act (§ 644) is legislative punishment without a legal trial and is unconstitutional "in that it is a bill of pains and penalties (Bill of Attainder)." The punishment here in question was imposed after a judicial trial and only as a punishment for the new offenses specifically charged in the information. (*Peo-*

*ple* v. *Richardson,* 74 Cal.App.2d 528 [169 P.2d 44]; *In re McVickers,* 29 Cal.2d 264 [176 P.2d 40].)

Appellants' final contention is that the Habitual Criminal Act (Pen. Code, § 644) denies equal protection to all who come within its provisions and thus violates the Fourteenth Amendment to the federal Constitution. This charge is directed to subdivision ''c'' of section 644, which provides that in exceptional cases and within 60 days after the commencement of imprisonment, the court may provide that the defendant is not an habitual criminal. It is argued that a discrimination exists since the question of whether or not a defendant is an habitual criminal is left to the discretion of the trial court. This statute refers entirely to the matter of punishment and there is nothing unconstitutional in statutory provisions permitting variations in the punishment in the discretion of the court, in accordance with the circumstances of particular cases. We have no doubt of the constitutionality of the statute in this regard. (*People* v. *Richardson,* 74 Cal.App.2d 528 [169 P.2d 44]; *People* v. *Floth,* 8 Cal.App. 2d 600 [47 P.2d 817]; *People* v. *Maddox,* 75 Cal.App.2d 478 [171 P.2d 561]; *People* v. *Quiel,* 68 Cal.App.2d 674 [157 P.2d 446]; *People* v. *Biggs,* 9 Cal.2d 508 [71 P.2d 214, 116 A.L.R. 205.)

While the appellants have presented this appeal in an unusually able manner their objections are more technical than substantial, and we are able to find neither prejudicial error nor anything indicating that they did not have a fair trial.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 9, 1949.