[Civ. No. 3974.   Fourth Dist., Nov. 2, 1949.]

DEPARTMENT OF SOCIAL WELFARE, Respondent, v. HENRY C. GARDINER, as Executor, etc., Appellant.

Henry C. Gardiner, in pro. per., for Appellant.

Fred N. Howser, Attorney General, Elizabeth Miller and Kent C. Rogers, Deputy Attorneys General, for Respondent.

BARNARD, P. J.—This action was brought under section 2223 of the Welfare and Institutions Code to recover double the amount of old age aid paid to the decedent during the period from June 1, 1944, through January 31, 1948. A demurrer to the complaint was overruled, with 10 days to answer. The defendant refused to answer, and judgment was accordingly entered in favor of the plaintiff. The defendant has appealed on the judgment roll.

This action was filed on August 10, 1948. From the allegations of the complaint it appears that the deceased applied for and was granted such aid; that he was paid such aid during the period above mentioned; that he died on January 20, 1948; that upon his death it was found that he was possessed of money and personal property in excess of the amount allowed such a recipient of old age security aid under the provisions of the law; that during all of the period in question during which he had received such aid in a named amount he had owned and possessed money and personal property of a value in excess of the amount allowed by law; that he had failed, refused and neglected to disclose that fact to the board of supervisors during said period; that letters testamentary were issued to this defendant on February 6, 1948, and he has since been, and now is, the duly qualified and acting executor of said estate; that a creditor's claim for double the amount of the payments thus made to the deceased was filed on June 21, 1948; and that this claim was rejected by the executor on June 30, 1948.

The appellant first argues that section 2223 of the Welfare and Institutions Code is unconstitutional since it is a bill of attainder. It is argued that it is a bill of attainder because it provides for a criminal penalty to become effective after the death of the recipient of the security, so that the recipient ''becomes a criminal'' only after he has died. While any such penalty does not become effective until the death of the recipient of the aid, he is neither deprived of a trial nor adjudged a criminal. While it may be in the nature of a penalty, it is one imposed by statute and is made effective as against the estate of the recipient. (*Department of Social Welfare* v. *Stauffer*, 56 Cal.App.2d 699 [133 P.2d 692].) The decision in that case quotes from 21 Ruling Case Law, page 212, in part as follows: '' 'Penalties are imposed in furtherance of some public policy, and as a means of securing obedience to law. Persons who incur them are, either in morals or

law, wrongdoers, and not simply unfortunate debtors unable to perform their pecuniary obligations.' "

A bill of attainder is " 'a legislative act which inflicts punishment without a judicial trial.' " (*People* v. *Camperlingo*, 69 Cal.App. 466 [231 P. 601]; *People* v. *Israel*, 91 Cal.App.2d 773 [206 P.2d 62].) Section 2223, by its terms, requires that certain facts be established which necessitate a judicial trial. Such penalties have frequently been imposed and they are exacted for the purpose of furthering the end desired and securing compliance with the law, rather than for the purpose of obtaining money for the benefit of the governing power. The imposing of such a penalty is within the legislative power of the state. (*Shalz* v. *Union School District*, 58 Cal.App.2d 599 [137 P.2d 762].) The statute in question cannot be held unconstitutional for the reason here advanced.

■    The only other point raised is that the complaint here failed to state a cause of action because section 2223 is "unlawful" in purpose and effect since it is against public policy. (Citing Civ. Code, § 1667.) It is argued that the policy of the state, as disclosed by all old age security legislation, is that those needing such assistance should be treated as honorable pensioners and not as paupers; that they should be treated with courtesy and without undue publicity; and that section 2223 is cruel and shocking in its effect, and is contrary to the public policy thus established.

While it is true that the Legislature has enacted certain laws designed to preserve the self-respect of those who receive such public assistance, with a resultant policy in that connection, it has also, under section 2223, established a further policy relating to any who may secure such aid when not entitled thereto. This further policy is designed to aid and protect the general policy adopted, and is not inconsistent therewith. The policy thus established involves not only a reimbursement for payments illegally obtained, but a practical method of discouraging the practice of obtaining payments in that manner. There are sound reasons for establishing a somewhat different policy in this class of cases, and this has been done by the action of the Legislature in adopting section 2223. (*McCarthy* v. *City of Oakland*, 60 Cal.App.2d 546 [141 P.2d 4].)

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied November 22, 1949.