[Crim. No. 3506.   First Dist., Div. Two.   Oct. 7, 1959.]

THE PEOPLE, Respondent, v. L. C. WHITE, Appellant.

Ira W. Barr, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, Acting P. J.—Appellant and four other defendants were charged with the robbery of one Robinson. Appellant and three of the other defendants were convicted by a jury of robbery of the first degree. The evidence would support a finding that while Robinson, appellant, and two other defendants were riding with others in an automobile the car was stopped opposite two men who were standing in the street, that these two men approached the car, and one of them (who was convicted by the jury) exhibited a knife and indicated to Robinson the intention to rob him. Robinson resisted and during a struggle appellant grabbed Robinson around the waist and ''they'' took his wallet containing $130 from his pocket. The wallet was found later in appellant's home. The money was never accounted for. Appellant testified at the trial that he was so intoxicated that he had no recollection of what occurred at the time of the robbery. We are satisfied that the evidence is sufficient to support the appellant's conviction. ■ However the trial court instructed the jury, after advising them that robbery which is perpetrated by a person armed with a deadly or dangerous weapon is robbery of the first degree:

''A 'dangerous or deadly weapon,' as the term is used in the law just stated to you, means any weapon, instrument, or object that is capable of being used to inflict great bodily injury and that is carried by a person with the intention of using the same as a weapon of offense or defense in the event circumstances should appear to him to require that he do so.

''.  .  .  .  .  .  .  .  .  .  .  .  .

''If you should find that the defendant committed the robbery . . . and that at the time of the commission of the

robbery he was armed with a knife, the robbery would be of the first degree.''

The first instruction correctly informed the jury of the test to be used in determining whether the knife, if they found that he had one, in the hands of one of the defendants was in fact a dangerous or deadly weapon. The second instruction took this question of fact from the jury and erroneously directed them as a matter of law that if they found that one of the defendants was armed with a knife the robbery would be robbery of the first degree.

The Supreme Court said in *People* v. *McCoy,* 25 Cal.2d 177, 188 [153 P.2d 315] : ''While a knife is not inherently a dangerous or deadly instrument as a matter of law, it may assume such characteristics, depending upon the manner in which it was used, and there arises a mixed question of law and fact which the jury must determine under proper instructions from the trial court. [Citing cases.]''

It was for the jury to determine under all the circumstances of this case whether the knife referred to by some of the witnesses was in fact a dangerous or deadly weapon and it was error for the trial court to take this question from the jury. (*People* v. *Graham,* 156 Cal.App.2d 525 [319 P.2d 677].) The possession of a knife by one of the defendants was the only ground upon which the jury could find appellant guilty of first degree robbery and this error was necessarily a prejudicial one.

Since the judgment must be reversed for this error we need only add that we find no merit in any other point made by appellant.

Judgment reversed.

Draper, J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied November 6, 1959, and respondent's petition for a hearing by the Supreme Court was denied December 2, 1959.

---

*Assigned by Chairman of Judicial Council.