[Crim. No. 3403.   Third Dist.   July 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ALVIN PRICE, Defendant and Appellant.

James D. Walsh, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

FRIEDMAN, J.—In Count One of the information defendant was charged with assault with a deadly weapon upon one Rodriguez; in Count Two, with assault with a deadly weapon upon one Delgado. Convicted on both counts after a nonjury trial, defendant appeals. His court-appointed counsel has found no error in the record and we have examined it independently to satisfy ourselves of the propriety of the proceedings.

█ Prosecution witnesses testified that defendant struck Rodriguez on the head with a pipe or metal bar, as the latter was seated in a café; that he had then beat Delgado on the head with the same metal object immediately outside the café. A police officer who had witnessed the Delgado incident described the object as a piece of reinforcing steel about 24 inches long. Both victims denied provocation other than telling defendant to "take it easy" after they had witnessed aggressive behavior. Defendant, however, gave testimony indicative of self-defense.

There was substantial evidence to support the guilty finding. Defendant was adequately identified. █ Character of the steel reinforcing bar as a deadly weapon or instrument was a "mixed question of law and fact" for the fact trier. (*People* v. *McCoy*, 25 Cal.2d 177 [153 P.2d 315].) The piece of reinforcing bar used by defendant is one-half inch in diameter. It was in evidence before the trial judge, who could see it, hold it and gauge its capabilities for death or great bodily injury. It was for the trial judge, as trier of fact, to decide whether the metal bar was in fact a deadly weapon. (*People* v. *White*, 174 Cal.App.2d 278 [344 P.2d 413]; *People* v. *Graham*, 156 Cal.App.2d 525 [319 P.2d 677].) An affirmative finding is implicit in the finding of guilt.

No error appearing in the record, the judgment is affirmed.

Pierce, P. J., and Schottky, J., concurred.