[Crim. No. 7254.   First Dist., Div. Four.   Feb. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RUDOLPH CURTIS SHAVERS, Defendant and Appellant.

M. Van Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Henning, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—Rudolph Shavers appeals from a judgment convicting him of two counts of robbery in the first degree (Pen. Code, § 211) entered after trial by jury. The two victims, Santiago (count one), and Rodriquez (count two), left a poolroom in west Oakland at about 4 o'clock one morning. Appellant, whose acquaintance they had made at the poolroom, asked for a ride home. When they arrived at the address given by appellant, he drew a pistol and, threatening violence, took money from both victims. Appellant then left the car; the victims followed him surreptitiously to a diner and flagged down a police patrol car just as appellant left the diner and entered a taxi. The patrolmen radioed for help and several police units cooperated in stopping the taxi. A loaded pistol was found under the seat in the taxi and money roughly corresponding to that taken from the victims was found in appellant's sock. Appellant denied any participation in the robbery, testifying that he acquired the pistol from a friend who was at the diner, and that he disposed of the pistol and put his money in his sock when the police stopped the taxi because ''they are always railroading somebody.''

After instructing the jury that it is the responsibility of the prosecution to establish to the ·jury's satisfaction,

beyond a reasonable doubt, "every fact essential to a conviction of the crime charged" the judge read to the jury the charging language of the information. That language includes nothing bearing on the question of degree. The court then instructed the jury that "Robbery which is perpetrated by a person armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree. If you should find the defendant guilty of robbery, it would be your duty to determine the degree thereof and to state that degree in your verdict. And as a matter of law, I must advise you and instruct you in this case that if the defendant is guilty of robbery, it is robbery in the first degree." The jurors were not informed that the prosecution had the burden of proving to their satisfaction beyond a reasonable doubt that appellant was armed with a deadly weapon. Citing Penal Code section 1157[1] appellant contends that the instructions were prejudicially erroneous in taking from the jury the factual question whether appellant was armed with a dangerous or deadly weapon.

The Attorney General contends that the only factual issue in the case was the conflict between appellant's alibi and the prosecution's evidence of appellant's involvement in the crime. Citing *People* v. *Israel* (1949) 91 Cal.App.2d 773, 783 [206 P.2d 62], and *People* v. *Galloway* (1954) 127 Cal.App.2d 504, 509 [274 P.2d 497], the Attorney General argues that where the issue was so limited it was proper to instruct the jury that if appellant was guilty of anything he was guilty of robbery in the first degree. █ But it is a commonplace that proof of a defendant's guilt of the higher degree of a degree-divided offense must be beyond a reasonable doubt. (Pen. Code, § 1097; *People* v. *Williams* (1965) 235 Cal.App. 2d 389 [45 Cal.Rptr. 427].) █ Where a plea of not guilty has been entered, the trial judge may not direct a verdict of guilty even though the prosecution's case is strong and the defense does not present a substantial evidentiary case. (Cf. Pen. Code, § 1118.1 [permitting the court to order entry of a judgment of *acquittal* in lieu of an advised verdict of not guilty].) █ The judge may *comment* on the evidence (Cal. Const., art. VI, § 10; Pen. Code, § 1127) but may not *instruct* the jury that as a matter of law some element of the crime

[1]"Whenever a defendant is convicted of a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

charged has been adequately proved. ■■■ Penal Code section 1157 specifically provides that the determination of the degree of a degree-divided offense of which a defendant may be guilty is a jury matter.

■■■ These observations lead us to question the soundness of the general statements in *Israel, supra,* and *Calloway, supra,* indicating that it may be proper in certain cases to take from the jury's consideration the possibility that the defendant was not armed and hence was guilty of robbery in only the second degree. It seems to us that where the judge considers that the evidence establishes a higher degree of a degree-divided offense he should limit himself to a *comment* to that effect, leaving to the jury *all* the issues of fact presented by the plea of not guilty. (But cf. *People* v. *Turville* (1959) 51 Cal.2d 620, 633 [335 P.2d 678].)

Moreover, in this case the jury might have disbelieved appellant's denial that he participated in the robbery at all but believed the portion of his testimony in which he claimed that he did not obtain a pistol until he met his friends in the diner. The offense might still have occurred as a kind of lower grade "rolling" of drunks perhaps amounting to second degree robbery. Although appellant's story is not markedly convincing it is not for us and it was not for the trial judge to reject it; appellant was entitled to have all the factual issues which had been posed by his plea of not guilty tried by the jury. We conclude, therefore, that the court erred in withdrawing from the jury's consideration the possibility that appellant was guilty of robbery in the second degree. (Cf. *People* v. *Anderson* (1966) 243 Cal.App.2d 243, 247 [52 Cal. Rptr. 201]; *People* v. *White* (1959) 174 Cal.App.2d 278, 280 [344 P.2d 413].)

■■■ Instructions which infringe the defendant's constitutional right to have all issues determinative of guilt presented to the jury are reversible error, per se, which cannot be cured by article VI, section 13, of the California Constitution. (*People* v. *Modesto* (1963) 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33], overruled on another point, *People* v. *Morse* (1964) 60 Cal.2d 631, 648-649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810].)

In making the disposition hereinafter ordered, we note that the error which calls for reversal affects only the determination of the degree of the offense. That error can readily be avoided on retrial. Therefore it does not appear, on the present record, that it would be proper for us to reduce the

offense to second degree. At the same time, the prosecutor may not feel that he would be justified in trying the case again, either because witnesses may now be unavailable or for other reasons, in order to maintain the degree of the conviction as first degree. We therefore indicate to the Attorney General that we would, on petition for rehearing, seriously entertain a suggestion that under Penal Code section 1260 we should reduce the degree of the offense to second degree and affirm the judgment as so modified. The Attorney General may wish to consult the prosecutor in this regard.

The judgment is reversed.

Devine, P. J., and Rattigan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 17, 1969.