[No. A036203. First Dist., Div. Four. Nov. 24, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEE JARRELL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Parts II through V of this opinion are not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)

COUNSEL

Julie Schumer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ANDERSON, P. J.—Defendant David Lee Jarrell (appellant) was found guilty by jury of first degree burglary (Pen. Code,[1] §§ 459, 460, subd. 1). On appeal he argues (1) that the trial court erred in instructing the jury that if appellant was guilty of burglary, it was burglary in the first degree as a matter of law; (2) that the trial court should have suppressed appellant's involuntary confession and the identification testimony of a key witness; (3) that he was denied effective assistance of counsel; and (4) that the trial court erred in advising the jury to first determine his guilt or innocence of burglary before deciding his culpability for receiving stolen property. We reject each of appellant's contentions and affirm the judgment.

### FACTS

On October 28, 1985, Scott Sanders observed two persons, a male and a female, walk by his house in Antioch. The two persons, carrying a black flashlight and a clipboard, passed within about 10 feet of Scott.

Approximately one-half hour later Scott observed the same two persons in the backyard of his next-door neighbors, Mr. and Mrs. Hill. A third person had joined the original two and all three were loading items, such as a television set and microwave oven, from the Hills' house into the trunk of a car. Scott called his mother, Melinda Sanders, and asked her if the Hills were moving. Walking out on her back patio, Melinda observed the three individuals attempt to close the car's trunk with a television inside and then drive away. Scott yelled out the car's license number to Melinda, who telephoned the police and relayed the information.

Several hours later Scott and Melinda went to Pittsburg and identified the three individuals for the police, who had found the described car there. All three, one of whom was appellant, were then arrested.

Following his conviction, appellant was sentenced to prison for the midterm of four years, with the recommendation that he be considered for

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

transfer to the California Youth Authority (Welf. & Inst. Code, § 1731.5, subd. (c)).

## I.   *The Instruction*

Appellant argues the trial court committed reversible error by instructing the jury that if it found "the defendant guilt[y] of the crime of burglary, . . . [it is] burglary in the First Degree as a matter of law." The Attorney General concedes error, but argues it is harmless; we agree the error does not require reversal in this case.

It is a fundamental constitutional principle that the prosecution must prove "every fact necessary to constitute the crime with which [the defendant] is charged" beyond a reasonable doubt. (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].) "[A] trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict [citations] regardless of how overwhelmingly the evidence may point in that direction." (*United States* v. *Martin Linen Supply Co.* (1977) 430 U.S. 564, 572-573 [51 L.Ed.2d 642, 652, 97 S.Ct. 1349].) This proscription stems from the Sixth Amendment's command to afford jury trials in serious criminal cases. (See *Duncan* v. *Louisiana* (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444].) Our Supreme Court has similarly condemned procedural devices which remove an element of the crime charged from the jury's consideration as tantamount to a directed verdict. (*People* v. *Figueroa* (1986) 41 Cal.3d 714, 725 [224 Cal.Rptr. 719, 715 P.2d 680]; *People* v. *Croy* (1985) 41 Cal.3d 1, 13 [221 Cal.Rptr. 592, 710 P.2d 392]; *People* v. *Garcia* (1984) 36 Cal.3d 539, 551, 553-554 [205 Cal.Rptr. 265, 684 P.2d 826].)

However, not all such constitutional errors require reversal. (*Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101].) In *People* v. *Garcia, supra,* 36 Cal.3d at pages 554-556, our Supreme Court noted four exceptions to the rule of per se reversal[2] and these exceptions were reaffirmed in *People* v. *Croy, supra,* 41 Cal.3d at page 13.

---

[2](1) "if the erroneous instruction was given in connection with an offense for which the defendant was acquitted and if the instruction had no bearing on the offense for which [the defendant] was convicted" (*Connecticut* v. *Johnson* (1983) 460 U.S. 73, 87 [74 L.Ed.2d 823, 834, 103 S.Ct. 969]); (2) "if the defendant conceded the issue of intent" (*ibid.*); (3) if "it is possible to determine that although [the] instruction . . . was erroneously omitted, the factual question posed by the [omission] was necessarily resolved adversely to the defendant under other, properly given instructions" (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 721 [112 Cal.Rptr. 1, 518 P.2d 913]); and (4) if "the parties recognized that [the element] was in issue, presented all evidence at their command on [the] issue, and . . . the record not only establishes the [element] as a matter of law but shows the contrary evidence not worthy of consideration" (the *Cantrell-Thornton* exception).

The *Garcia* exceptions were enumerated in the absence of a definitive statement by the United States Supreme Court concerning what standard of prejudice applies to convictions based upon unconstitutional jury instructions. (*People* v. *Garcia, supra,* 36 Cal.3d at pp. 554-555, discussing *Connecticut* v. *Johnson* (1983) 460 U.S. 73 [74 L.Ed.2d 823, 834, 103 S.Ct. 969] and *Sandstrom* v. *Montana* (1979) 442 U.S. 510 [61 L.Ed.2d 39, 99 S.Ct. 2450].) Recently, however, the United States Supreme Court applied the "harmless beyond a reasonable doubt" standard of *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 711, 87 S.Ct. 824, 24 A.L.R.3d 1065], to unconstitutional jury instructions.[3] (*Rose* v. *Clark, supra,* 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101].) Under this test an otherwise valid conviction may not be set aside if the record, as a whole, demonstrates the error was harmless beyond a reasonable doubt. (*Chapman, supra,* 386 U.S. at p. 24 [17 L.Ed.2d at p. 711].) *Rose* has apparently replaced the *Garcia* exceptions to per se reversal, since the latter decision is based upon ambivalent United States Supreme Court holdings. (See *People* v. *Lawson* (1987) 189 Cal.App.3d 741, 752-754 [234 Cal.Rptr. 557].)

In *Rose,* the trial court instructed the jury that " 'All homicides are presumed to be malicious in the absence of evidence which would rebut the implied presumption.' " (*Rose* v. *Clark, supra,* 478 U.S. at p. 574 [92 L.Ed.2d at p. 468, 106 S.Ct. at p. 3104.) The instruction "violated the respondent's right to have his guilt proved beyond a reasonable doubt, as that right was defined in *Sandstrom* v. *Montana* [(1979) 442 U.S. 510 (61 L.Ed.2d 39, 99 S.Ct. 2450)]." (*Ibid.*) The court held that the *Chapman* harmless error doctrine applied in the case of *Sandstrom* errors.[4] (*Id.,* at pp. 581-582 [92 L.Ed.2d at pp. 472-473, 106 S.Ct. at pp. 3108-3109.)

However, the court stated that "harmless-error analysis presumably would not apply if a court directed a verdict for the prosecution in a criminal trial . . . ." (*Rose, supra,* 478 U.S. at p. 578 [92 L.Ed.2d at p. 471, 106 S.Ct. at p. 3106].) Thus, we must determine whether the jury instruction given here was the functional equivalent of a directed verdict in California.

Our Supreme Court addressed the question in *People* v. *Figueroa, supra,* 41 Cal.3d 714, prior to *Rose.* In *Figueroa,* the trial court was reversed for

---

[3] The court did also list several exceptions to application of the *Chapman* standard, none of which is pertinent here. (*Rose* v. *Clark, supra,* 478 U.S. at p. 578 [92 L.Ed.2d at pp. 470-471, 106 S.Ct. at p. 3106].)

[4] In *Sandstrom,* the trial court instructed the jury that " '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts.' " (*Sandstrom, supra,* 442 U.S. at p. 513 [61 L.Ed.2d at p. 44].) The court held that the instruction violated due process because it may have been interpreted as either shifting the burden of proof to appellant on the intent issue or as constituting a conclusive presumption. (*Id.,* at p. 524 [61 L.Ed.2d at p. 51].)

instructing the jury that certain promissory notes were securities under the Corporate Securities Law. (*Figueroa, supra,* 41 Cal.3d at p. 723.) ▮ Our Supreme Court stated: "The prohibition against directed verdicts 'includes perforce situations in which the judge's instructions fall short of directing a guilty verdict but which nevertheless have the effect of so doing by eliminating other relevant considerations if the jury finds one fact to be true.' " (*Id.,* at p. 724.)

   *People* v. *Lawson, supra,* 189 Cal.App.3d 741, decided subsequent to both *Figueroa* and *Rose,* faced the question of what standard to apply to *Figueroa* error in light of *Rose.* The *Lawson* court recognized that "the *Rose* court [had] ruled *Sandstrom* error was not the equivalent to a directed verdict and [had] thus concluded the *Chapman* test should be applied." (At p. 753.)[5] However, the court in *Lawson* noted that our California Supreme Court in *People* v. *Figueroa, supra,* 41 Cal.3d 714, had "concluded an instruction which characterizes something as a security under the corporate securities law was tantamount to a directed verdict." (*Lawson, supra,* 189 Cal.App.3d at p. 753.) But recognizing that the *Figueroa* court did not decide the applicable standard of prejudice, it found reversal required without regard to prejudice in this case, but emphasized that "per se reversal may not be required under different circumstances." (*Id.,* at p. 744.)

   ▮ Turning to the case at bench, we believe determination of the degree of a crime as a matter of law is not tantamount to a directed verdict and, therefore, such an instruction can be tested by the harmless error standard. In *Figueroa* and *Lawson,* whether the instrument was a "security" was an essential element of the crime charged. The court in *Lawson* recognized that "each charge of which the defendant was convicted included as a necessary element the existence of a security." (*People* v. *Lawson, supra,* 189 Cal.App.3d at p. 754.) A determination by the jury that securities were not involved would have been dispositive. Conversely, here appellant was charged with burglary under section 459; the degrees of burglary are set forth in section 460. The court's instruction here did not remove any essential element from the jury's consideration as in *Figueroa* and *Lawson.* The trial court instructed the jury on each of the necessary elements of burglary (entry, structure and intent) and the jury returned its verdict after weighing the evidence in light of this definition.

   We reject appellant's argument that *People* v. *Shavers* (1969) 269 Cal.App.2d 886 [75 Cal.Rptr. 334], compels us to reverse his conviction.

---

[5]The *Rose* court quoted *Connecticut* v. *Johnson, supra,* 460 U.S. at page 95, footnote 3 [74 L.Ed.2d at p. 840], for support of this proposition: " 'Because a presumption does not remove the issue of intent from the jury's consideration, it is distinguishable from other instructional errors that prevent a jury from considering an issue.' " (*Rose* v. *Clark, supra,* 478 U.S. at page 580, footnote 8 [92 L.Ed.2d at p. 472, 106 S.Ct. at p. 3107.)

The *Shavers* court reversed appellant's robbery conviction because the trial court instructed the jury "that if the defendant is guilty of robbery, it is robbery in the first degree." (*Id.*, at p. 888.) *Shavers* predates every significant state and federal case considering unconstitutional jury instructions cited by appellant. During the 18 years which have elapsed since *Shavers,* the United States Supreme Court has concluded that the *Chapman* harmless error rule is applicable to jury instructions which unconstitutionally shift the burden of proof to defendant, but may not be applied if the "court direct[s] a verdict for the prosecution in a criminal trial by jury." (*Rose* v. *Clark, supra,* 478 U.S. at p. 578 [92 L.Ed.2d at p. 471, 106 S.Ct. at p. 3106].) Similarly, the California Supreme Court has announced its own set of exceptions to the per se reversal rule in the *Garcia-Croy* line of cases. Following the mandate of its day, that "Instructions which infringe the defendant's constitutional right to have all issues determinative of guilt presented to the jury are reversible error, per se" (*Shavers, supra,* 269 Cal.App.2d at p. 889), the *Shavers* court quite simply did not face the question posed by the instant case.[6]

We believe the error here "does not compare with the kinds of errors that automatically require reversal of an otherwise valid conviction." (*Rose* v. *Clark, supra,* 478 U.S. at p. 579 [92 L.Ed.2d at p. 471, 106 S.Ct. at p. 3107].) The United States Supreme Court has stressed that the errors to which the *Chapman* standard does *not* apply "are the exception and not the rule." (*Id.,* at p. 578 [92 L.Ed.2d at p. 471, 106 S.Ct. at p. 3106].) The instruction here did not "*totally* deprive[ ] [appellant] of his right to jury trial" on every essential element of the crime of burglary. (*People* v. *Lawson, supra,* 189 Cal.App.3d at p. 754, original italics.) Application of the harmless error rule here will "promote[ ] public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." (*Delaware* v. *Van Arsdall* (1986) 475 U.S. 673, 681 [89 L.Ed.2d 674, 684-685, 106 S.Ct. 1431, 1436-1437].)

When tested under the *Chapman* standard, the instructional error must be deemed harmless beyond a reasonable doubt. What made this burglary of the first degree was that the structure burglarized was "an inhabited dwelling house." (§ 460, subd. 1.) Floyd Hill, the owner of the house burglarized here, testified that he and his wife lived in the house on the day of the break-in. Mr. Hill also identified items removed from the house as his *personal* property. Mr. Hill stated that the back door to his garage had been kicked in and a patio screen door had been cut. Both principal witnesses testified that Mr. Hill was their next-door neighbor. Not

---

[6] We also distinguish the case at bench from *Shavers* in that the latter involved a factual issue as to whether or not the defendant was armed. (*Id.,* at p. 886.) There is no factual dispute here that the burglarized building was an inhabited dwelling.

a shred of evidence cast doubt upon the inevitable conclusion that the burglarized structure was "an inhabited dwelling house." We are confident beyond *any* reasonable doubt that the jury would have convicted appellant of first degree burglary in the absence of the erroneous instruction.

Although we have concluded that the *Chapman* standard is applicable to the case at bar, we note that analysis under the *Garcia* exception produces the same result. It clearly appears from the record that the parties presented all evidence of current habitation at their disposal, and spoke of the burglarized house as Mr. Hill's "home." No evidence was presented to establish that Mr. Hill's home was not "an inhabited dwelling house." Indeed, the defense conceded the burglary, disputing only the identity of the burglar. Consequently, the case at bench falls within the *Cantrell-Thornton* exception set out in *Garcia*: "[T]he parties recognized that [the degree] was in issue, presented all evidence at their command on [the] issue, and . . . the record not only establishes the [degree] as a matter of law but shows the contrary evidence not worthy of consideration." (*People* v. *Garcia, supra,* 36 Cal.3d at pp. 556.) Significantly, here there was *no* contrary evidence.

II.-V.*

. . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Channell, J., and Sabraw, J., concurred.

---

* See footnote, *ante,* page 604.