[No. A039401. First Dist., Div. Five. Aug. 30, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE JOINER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

222

**COUNSEL**

Harvey R. Zall, State Public Defender, under appointment by the Court of Appeal, and Peter R. Silten, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Peter Crook, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KING, J.**—In this case we hold that where the trial court erroneously failed to instruct the jury that penetration is an essential element of the crime of sodomy, the *"Cantrell-Thornton"* exception to per se reversal (*People* v. *Garcia* (1984) 36 Cal.3d 539, 555-557 [205 Cal.Rptr. 265, 684 P.2d 826]) may still apply, requiring that prejudice be assessed under the harmless-beyond-a-reasonable-doubt standard of *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].

Eugene Joiner appeals a judgment of conviction for rape, sodomy and forcible oral copulation, alleging both instructional and sentencing error. We affirm.

On the morning of October 21, 1982, the 71-year-old victim opened her door to someone claiming to be the newspaper boy. He pushed his way into her apartment, threatened to kill her, hit her, and forced her into repeated acts of oral, vaginal and anal sex, moving her back and forth between her bedroom and office. When he finally left after stealing some money, she called the police who arrived promptly and took her to the hospital.

San Francisco Police Officer Robert Fitzer arrived a few hours after the assault and lifted three usable latent fingerprints from objects on the victim's bed. With the aid of a fingerprint computer the prints were ultimately identified as belonging to Eugene Joiner. Soon afterwards, the victim identified Joiner as her assailant from a photo lineup.

An information charged Joiner with four counts each of rape (Pen. Code, § 261, subd. (2)), sodomy (Pen. Code, § 286, subd. (c)) and forcible oral copulation (Pen. Code, § 288a, subd. (c)). At trial Joiner testified he was visiting his girlfriend in Seattle on the date of the assault. A jury found him guilty as charged. The trial court sentenced him to the six-year middle term on each count, imposing nine full, separate and consecutive terms (Pen. Code, § 667.6, subd. (c)) and three to run concurrently.

## I

Although both parties requested it, the trial court omitted CALJIC No. 10.52 (Sodomy With Human—Penetration) from its instructions. ■■ ■■ It is undisputed that penetration is an element of sodomy (*People v. McElrath* (1985) 175 Cal.App.3d 178, 185 [220 Cal.Rptr. 698]) and that, generally, "failure to instruct on an essential element of the offense is necessarily prejudicial error." (*Ibid.*) However, in *People v. Garcia, supra,* 36 Cal.3d at pages 554-557, our Supreme Court enunciated four narrow exceptions to this rule, including one based on *People v. Cantrell* (1973) 8 Cal.3d 672 [105 Cal.Rptr. 792, 504 P.2d 1256] and *People v. Thornton* (1974) 11 Cal.3d 738 [114 Cal.Rptr. 467, 523 P.2d 267], applicable in "cases where the parties recognized that [the element] was in issue, presented all evidence at their command on that issue, and in which the record not only establishes the necessary [element] as a matter of law but shows the contrary evidence not worthy of consideration." (*People v. Garcia, supra,* at p. 556, fn. omitted.)

■■ Here, there is no doubt both parties recognized penetration was an element of sodomy since both requested an instruction to that effect. The victim testified that each anal contact resulted in penetration, and the examining physician testified his observations were consistent with forced anal penetration. There was no contrary evidence at all. In closing argument the prosecutor told the jury in virtually the exact words of the omitted instruction that with respect to sodomy as well as rape, "any sexual penetration however slight is sufficient. . . . [and] proof of emission is not necessary," and listed penetration as one of the essential elements of sodomy. Thus, the trial court's failure to give CALJIC No. 10.52 is not automatically reversible if the *Cantrell-Thornton* exception remains good law.

■■ "The *Garcia* exceptions were enumerated in the absence of a definitive statement by the United States Supreme Court concerning what standard of prejudice applies to convictions based upon unconstitutional jury instructions. (*People v. Garcia, supra,* 36 Cal.3d at pp. 554-555, discussing *Connecticut v. Johnson* (1983) 460 U.S. 73 [74 L.Ed.2d 823, 824, 103 S.Ct. 969], and *Sandstrom v. Montana* (1979) 442 U.S. 510 [61 L.Ed.2d 39, 99 S.Ct. 2450].)" (*People v. Jarrell* (1987) 196 Cal.App.3d 604, 608 [242 Cal.Rptr. 219], parallel citations omitted.) Several California cases (see, e.g., *People v. Johnson* (1986) 183 Cal.App.3d 314, 322-323 [227 Cal.Rptr. 917]) have considered whether dictum in *Cabana v. Bullock* (1986) 474 U.S. 376, 384 [88 L.Ed.2d 704, 715, 106 S.Ct. 689], to the effect that "a jury's verdict cannot stand if the instructions provided the jury do not require it to find each element of the crime under the proper standard of proof," undermined the validity of the *Cantrell-Thornton* exception as adapted and ap-

plied in *People* v. *Croy* (1985) 41 Cal.3d 1, 14 [221 Cal.Rptr. 592, 710 P.2d 392], to *Beeman* error (*People* v. *Beeman* (1984) 35 Cal.3d 547 [199 Cal.Rptr. 60, 674 P.2d 1318] [aiding and abetting instructions must include intent to commit, or encourage or facilitate commission of target offense]). The California cases have concluded the *Cabana* dictum did not so undermine *Cantrell-Thornton* because "the instruction condemned in *Beeman* . . . did not entirely remove the question of the defendant's mental state from the jury's consideration." (*People* v. *Johnson, supra,* 183 Cal.App.3d at p. 323, quoting *People* v. *Croy, supra,* 41 Cal.3d at p. 13.)

This conclusion was bolstered when the United States Supreme Court applied the harmless error standard of *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065], to jury instructions violating the principles of *Sandstrom* v. *Montana, supra,* 442 U.S. 510, which held a presumption of malice shifting the burden of proof on intent violates due process. (*Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101].) Several California courts then held both that *Cabana* did not invalidate the *Cantrell-Thornton* exception as applied to *Beeman* error, and that *Rose* had superseded *Garcia* and *Croy,* establishing *Chapman* as the applicable test of prejudice. (*People* v. *Herbst* (1986) 186 Cal.App.3d 793, 801-802 and fn. 8 [233 Cal.Rptr. 123]; *People* v. *Johnson* (1986) 190 Cal.App.3d 187, 194-197 [237 Cal.Rptr. 479].)

Because neither *Beeman* nor *Sandstrom* error is equivalent to a directed verdict wholly removing an issue from the jury's consideration (*People* v. *Dyer* (1988) 45 Cal.3d 26, 63 [246 Cal.Rptr. 209, 753 P.2d 1], citing *Rose* v. *Clark, supra,* 478 U.S. at p. 580, fn. 8 [92 L.Ed.2d at p. 472]), it might be argued that the instant error, which, contrary to the Attorney General's contention, totally denied Joiner his right to have the jury decide an essential element of the charged offense, is still reversible per se, but for several further developments. In *Pope* v. *Illinois* (1987) 481 U.S. 497 [95 L.Ed.2d 439, 107 S.Ct. 1918], the court applied *Chapman* harmless error analysis where juries were instructed to use the wrong standard in reviewing the "literary, artistic, political, or scientific value" (*Miller* v. *California* (1973) 413 U.S. 15, 24 [37 L.Ed.2d 419, 431, 93 S.Ct. 2607]) of material charged with being obscene. In a footnote the court stated, "To the extent that cases prior to *Rose* may indicate that a conviction can never stand if the instructions provided the jury do not require it to find each element of the crime under the proper standard of proof, see, e.g., *Cabana* v. *Bullock* [citation], after *Rose,* they are no longer good authority." (*Pope* v. *Illinois, supra,* 481 U.S. at pp. 503-504, fn. 7 [95 L.Ed.2d at p. 447].) Thus the only obstacle to the continued validity of the *Cantrell-Thornton* exception seems to have been removed.

It must be noted that the *Pope* court, comparing the situation before it with that in *Rose,* remarked, "Similarly, in the present cases the jurors were not precluded from considering the question of value: they were informed that to convict they must find, among other things, that the magazines petitioners sold were utterly without redeeming social value." (*Pope* v. *Illinois, supra,* 481 U.S. at p. 503 [95 L.Ed.2d at p. 447].) "The problem with the instructions in both cases is that the jury could have been impermissibly aided or constrained in finding the relevant element of the crime" (*ibid.,* fn. 7)—in *Rose* by an erroneous presumption, in *Pope* by an erroneous standard of review—but in neither case was that element itself—intent in *Rose,* value in *Pope*—wholly removed from the jury. In this context the court's rejection of *Cabana's* dictum might be read as referring particularly to the words "under the proper standard of proof," in which case the rest would still stand as an impediment to the continued validity of the *Cantrell-Thornton* exception to per se reversal in cases where the jury was not required to find each element of the crime charged.

Nevertheless, general language in *Rose* also supports the application of harmless error analysis to the instant case. ▉ The court there explained that per se reversal should be reserved for errors which "necessarily render a trial fundamentally unfair" (478 U.S. at p. 577 [92 L.Ed.2d at p. 470]), that is, errors which "either aborted the basic trial process . . . or denied it altogether" (*ibid.,* fn. 6, citations omitted), such as introduction of a coerced confession, complete denial of the right to counsel, adjudication by a biased judge, and "presumably" a directed verdict for the prosecution in a criminal trial by jury. (*Id.,* at pp. 578-579 [92 L.Ed.2d at pp. 470-471].) Errors to which *Chapman* does not apply "are the exception and not the rule. . . . Accordingly, if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless error analysis. . . . Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." (*Id.,* at pp. 578-579 [92 L.Ed.2d at p. 471], citation omitted.)

▉ As in *Rose,* "Applying these principles to this case is not difficult. [Joiner] received a full opportunity to put on evidence and make argument to support his claim of innocence. He was tried by a fairly selected, impartial jury, supervised by an impartial judge. Apart from the [omitted] instruction, the jury in this case was clearly instructed that it had to find [Joiner] guilty beyond a reasonable doubt as to every element" of rape, sodomy and forcible oral copulation. (478 U.S. at pp. 578-579 [92 L.Ed.2d at p. 471].) Although the jury was not instructed to *decide* whether there was penetration, the issue was not entirely removed from its *consideration,* nor the composition of the record affected by the error (*id.,* at pp. 579, 580,

fns. 7 & 8 [92 L.Ed.2d at pp. 471-472]), since the jury was instructed it must find "contact" and there was both testimony and argument on the issue of penetration. Under these circumstances the *Cantrell-Thornton* exception applies, and *Rose* mandates prejudice be assessed under the *Chapman* harmless error rule.

■ Given the uncontroverted testimony of both the victim and the examining physician, the fact that the prosecutor drew the jury's attention to the element of penetration in closing argument, and the fact that Joiner's only defense was alibi, it is inconceivable that, properly instructed, the jury would have found there was no penetration and acquitted Joiner of the sodomy charge. The instructional error was harmless beyond a reasonable doubt. (*Chapman* v. *California, supra,* 386 U.S. at p. 24 [17 L.Ed.2d at pp. 710-711].)

## II*

. . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

---

*See footnote, *ante,* page 221.