## No. 26156

## The People of the State of Colorado v. Scott Bennett

(536 P.2d 42)

Decided May 27, 1975.                    Rehearing denied June 23, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Stephen A. Ware, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On June 26, 1973, defendant Bennett was convicted of felony possession of over 120 lbs. of cannabis (marijuana) in violation of C.R.S. 1963, 48-5-2.[1] Prior to trial he moved to have the charge dismissed on the ground that the statute was unconstitutional in that it violated his rights as protected by the Fifth and Fourteenth Amendments to the United States Constitution. The motion was denied, and the entire substance of the defendant's appeal before this Court concerns the constitutionality of the statute.

Defendant contends that the legislative classification of cannabis as a narcotic drug is without any rational basis and thus works a denial of his right to equal protection and due process of law. He further contends that the statute is vague and indefinite, and in that manner also violates his right to due process of law. For the reasons set forth herein, we affirm.

I.

In *People v. Summit,* 183 Colo. 421, 517 P.2d 850, we considered the question of whether the legislative classification of cannabis as a narcotic is an unreasonable classification. Maintaining deference "to the legislative body as the proper forum for the resolution" of how best to advance the public health, safety, and welfare, we upheld the statute in question.

Defendant concedes that, if not overruled, *Summit* is dispositive of this contention, thus leaving us with the sole question of whether we wish to overrule *Summit.* At least for the time being, we adhere to our holding in that case.

II.

Defendant also contends that the statute is vague in that the definition of narcotic drug includes "cocoa leaves, opium, cannabis . . . and every other substance neither chemically nor physically distinguishable from them." C.R.S. 1963, 48-5-1(14)(a).[2] He claims that "every other substance . . ." is so vague that one could not know in advance what substance is proscribed. How-

---

[1]Now section 12-22-302, C.R.S. 1973.
[2]Now section 12-22-301, C.R.S. 1973.

ever, since he was convicted of possessing cannabis, and not another "substance," he does not have standing to raise this objection to the statute.

 Advancing the now "in vogue" contention of unconstitutional vagueness, the defendant further argues that the definition of cannabis contained in C.R.S. 1963, 48-5-1 is so complex that it is incapable of sufficient definition. While indeed complex, the specific definition of cannabis, as contained in the statute, is nevertheless precise and therefore not subject to the constitutional proscription against "vagueness."

The judgment of the district court is affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.