## No. 26080

## The People of the State of Colorado v. Michael Lee Nelson

(539 P.2d 477)

Decided August 18, 1975.                    Rehearing denied September 15, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted by a jury of three drug counts: sale, with intent to induce or aid another to unlawfully use or possess, of a narcotic drug, in violation of C.R.S. 1963, 48-5-20(1)(a) and (c);[1] conspiracy to sell narcotic drugs, in violation of C.R.S. 1963, 48-5-20(1)(i);[2] and dispensing a dangerous drug, in violation of C.R.S. 1963, 48-8-2.[3] We affirm in part and reverse in part.

---

[1]Now section 12-22-322(1)(b), C.R.S. 1973.
[2]Now section 12-22-322(1)(h), C.R.S. 1973.
[3]Now section 12-22-404(1)(a), C.R.S. 1973.

The evidence presented against appellant came primarily from a police officer who on August 18, 1971, was working under cover in Fort Collins for the Metropolitan Enforcement Group. He was driving from Fort Collins to Loveland when he picked up two hitchhikers. They inquired as to his destination, and he answered that he was going to Loveland to buy a couple of "lids" of marijuana. One of the hitchhikers responded that he knew a person who usually had some marijuana available. At their direction, the officer drove to an apartment house in Loveland and waited outside in the car while the hitchhikers went inside. They returned and motioned for him to come inside.

When he entered the apartment, one of the hitchhikers introduced him to appellant and four other persons in the room at the time, and stated: "This guy wants to score some weed." Appellant answered: "I don't have any weed, but I have some good Lebanese red hashish." After dickering over the price, the officer purchased about twelve grams of hashish. The officer testified that while this transaction was taking place, the other occupants were "cooking" and injecting themselves with cocaine. The officer then asked if the defendant had any "acid," whereupon appellant produced a container holding about fifty to sixty tablets of LSD. The officer purchased five tablets and left the apartment.

## I.

■ Appellant seeks reversal of the narcotic drug convictions challenging the constitutionality of the statute as it relates to cannabis. This court has held the statute to be constitutional in *People v. Summit*, 183 Colo. 421, 517 P.2d 850. We have recently reviewed and reaffirmed that holding in *People v. Steed,* 189 Colo. 212, 540 P.2d 323, and in *People v. Bennett*, 188 Colo. 429, 536 P.2d 42. Further discussion of this issue is, therefore, unnecessary.

## II.

■ Appellant's next contention is that the evidence presented was insufficient to sustain his conviction under C.R.S. 1963, 48-5-20 (1)(a) and (c), the so-called "hard sale" statute. In *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282, we recognized that the statute was directed toward the pusher of drugs, who would intentionally induce or aid others to use and possess narcotic drugs in the furtherance of his illicit enterprise. This statute, as contrasted with the "soft sale" statute, C.R.S. 1963, 48-5-2, has the added element of specific intent. This element, as any other element, must be proved beyond a reasonable doubt in order to support a conviction under the statute.

■ Here, as in *Bowers, supra*, the record is devoid of sufficient evidence of appellant's specific intent to induce or aid another to unlawfully use or possess the narcotic drug. The officer here actively sought the drugs, while appellant only responded to his inquiry. The relatively small quantity of narcotic drugs involved, less than one-half ounce of cannabis, does not reasonably permit the inference of such specific intent. Lacking sufficient evidence of appellant's specific intent, his conviction under Sec-

tion 48-5-20(1)(a) and (c) must be reversed. *Cf. People v. Steed, supra*; *People v. Patterson*, 187 Colo. 431, 532 P.2d 342; *People v. Bowers, supra.*

As noted in *Bowers, supra*, simple sale of narcotics is a lesser included offense of sale with intent to induce or aid. Here, the court properly so instructed the jury. There was ample competent evidence to support a verdict of guilty to simple sale. On remand, therefore, the court is directed to enter a judgment of conviction of guilty to simple sale of a narcotic drug.

### III.

Appellant argues that there was insufficient evidence to sustain his conviction on the conspiracy count. We agree.

It is well settled that there are three elements to the crime of conspiracy, each of which must be proved beyond a reasonable doubt. These elements are: an agreement, combination, or federation; between two or more persons; for an unlawful purpose which must amount to a crime. *People v. Dowell*, 182 Colo. 11, 510 P.2d 436; *People v. Armijo*, 176 Colo. 547, 491 P.2d 1384; *LaVielle v. People*, 113 Colo. 277, 157 P.2d 621.

While the agreement need not be formal or susceptible to direct proof (*Medina v. People*, 154 Colo. 4, 387 P.2d 733), and may be, and indeed must generally be proved circumstantially (*Vigil v. People*, 161 Colo. 224, 421 P.2d 120; *LaVielle v. People, supra*), it must be of such a nature as to create more than a mere suspicion of an agreement (*Glover v. United States*, 306 F.2d 594 (10th Cir. 1962); 16 Am.Jur.2d, *Conspiracy*§ 36, p. 146).

In the present case, in our view, there were insufficient facts presented upon which a jury could reasonably infer any agreement between appellant and the hitchhikers to violate the narcotics statute. That the hitchhikers directed the officer to appellant's apartment and there introduced him to appellant, without more, is not sufficient, in our opinion, to raise the probability of a prior agreement between appellant and the hitchhikers to commit the crime of "hard sale." To uphold the verdict of guilty on the basis of this record would be to approve a verdict of guilty based on surmise and speculation.

### IV.

Finally, appellant contends that the court committed various errors in the admission of prejudicial evidence. In the main, the evidence complained of was introduced by defense counsel himself. The appellant will not be allowed to benefit because of prejudice created which he himself introduced into trial.

The appellant also complains that the prosecution asked his sister, who was appearing as a defense witness, whether or not narcotics enforcement officers had previously contacted her in an effort to set up a narcotics buy from appellant. The witness denied having such a contact.

The question was not objected to at trial. We find no prejudicial error under these circumstances.

Appellant further claims the court improperly instructed the jury. We do not agree with this contention. However, in view of our disposition of the counts charging appellant with sale with intent to induce or aid, and conspiracy, it is unnecessary to elaborate on this assignment of error.

The judgments of conviction on the counts of sale with intent to induce or aid, and conspiracy, are hereby reversed. The judgment of conviction on the count of dispensing a dangerous drug is hereby affirmed. The cause is remanded to the district court with directions to enter a judgment of conviction of guilty to sale of narcotic drugs, in violation of C.R.S. 1963, 48-5-2, and for resentencing appellant thereunder.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.