580 P.2d 1270 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
David SANCHEZ, Defendant-Appellant.
No. 77-357.
Colorado Court of Appeals, Div. I.
April 20, 1978.
Rehearing Denied May 11, 1978.
Certiorari Denied July 10, 1978.
*1271 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, State Public Defender, James F. Dumas, Chief Deputy State Public Defender, Robert M. Elliott, David L. Quicksall, Deputy State Public Defenders, Colorado Springs, for defendant-appellant.
ENOCH, Judge.
Defendant, David Sanchez, appeals his conviction of sale of a narcotic drug in violation of § 12-22-302, C.R.S.1973. We affirm.
An informant arranged for a meeting between defendant and an undercover narcotics officer. When the officer and informant arrived at the meeting place, the informant got out of the officer's car and met the defendant. Defendant and the informant spent two to three minutes alone before they approached the officer's car. Defendant told the officer that he could get two grams of heroin for him, asked for and received $75 from the officer, and directed the officer to leave the area and return in about 15 to 20 minutes when he would have the contraband. Defendant advised the officer that he had to talk to someone else in the area; he then ran down the street and entered the cab of a parked pickup truck. He was later observed as a passenger in another car and was seen entering first his own, and then his sister's residence.
When the parties returned to the location of the original rendezvous, defendant gave the officer a packet containing a substance later found to be heroin. The officer testified that the informant had been with the officer while the defendant left the scene, and was still with him while the defendant returned to deliver the drugs, and that the informant never handled the drugs or the money. For the purpose of showing scheme, plan, design or intent, the officer was allowed to testify that defendant had agreed to the officer's contacting him for more heroin at a later date. The officer testified that he subsequently contacted defendant to purchase additional heroin and was told that defendant did not have any but that he would "check with his people" and if he could obtain it, he would sell it.
Defendant testified that he had been a heroin user for several months, that the informant was his source of supply, and that the contraband which he sold to the officer was given to him by the informant during the time they spent together prior to the approaching the officer. Defendant asserts that he was "prodded" into making the sale in return for past favors and because he needed heroin for himself. Defendant claimed he was led to believe that the informant did not want to make the sale himself as he was indebted to the agent and would not be paid for it. Also, he claimed that although he agreed to make the sale to the officer, he did not want the informant to tell the officer that he would do it again, and that later that day, he gave the informant the money from the sale to the officer.
On cross-examination defendant denied that he had had any drug transactions with the persons whose cars he had been observed entering. He could not recall whether he had told the officer that he could return for more heroin at a later date.
On the basis of this testimony, and without any rebuttal by, nor any testimony from the informant, defendant moved for a judgment of acquittal based on the prosecution's failure to meet its burden of proof with respect to his affirmative defense of entrapment. The trial court denied the motion, stating that there was sufficient testimony to submit the case to the jury. The jury was instructed on entrapment and told that the People had the burden of proving beyond a reasonable doubt that defendant was not entrapped.
Defendant contends that because he had presented uncontradicted testimony that *1272 the heroin which he sold was obtained from an informant working under the direction of law enforcement officials, he had established entrapment as a matter of law and that the jury should not have been permitted to determine the issue on the basis of his credibility. We disagree.
Entrapment is an affirmative defense, § 18-1-709 and § 18-1-710, C.R.S.1973, and once a defendant has presented some credible evidence on the issue, the prosecution must establish beyond a reasonable doubt that there has been no entrapment.
And, when entrapment is at issue, a critical question is what type of evidence is relevant. This can be determined by an interpretation of our entrapment statute, § 18-1-709, C.R.S.1973, which has not been previously addressed by our appellate courts. There are two basic theories of entrapment. Under the "subjective" or "innocent mind" approach, the key factor is the intent or predisposition of the defendant to commit the crime, and entrapment occurs only when a government agent induces an otherwise innocent person to do an unlawful act which he would not otherwise do. Under the "objective" or "police conduct" approach, the defendant's state of mind is irrelevant and the conduct of the government agent becomes the key factor and that conduct must be evaluated to determine its probable impact upon a hypothetical law abiding citizen. See Park, The Entrapment Controversy, 60 Minn.L.Rev. 163.
Prior to the enactment of 18-1-709, C.R.S.1973, Colorado adhered to the "subjective" test in entrapment cases. People v. Vandiver, Colo., 552 P.2d 6; People v. Simmons, 179 Colo. 431, 501 P.2d 119; Gonzales v. People, 168 Colo. 545, 452 P.2d 46. Section 18-1-709 is patterned after New York's entrapment statute, and it is apparent that both statutes were intended to codify the "subjective" approach, see 1971 Perm.Supp., C.R.S.1963, 40-1-809, (Revisor's Comment); People v. Calvano, 30 N.Y.2d 199, 331 N.Y.S.2d 430, 282 N.E.2d 322 (1972). Therefore, we hold that under § 18-1-709, C.R.S.1973, the subjective test is still applicable, and the defendant's predisposition to commit the crime, rather than the conduct of the government agent, remains the dispositive factor in determining whether entrapment has occurred.
The focus on defendant's predisposition pertains where, as here, it is claimed that the contraband was supplied by an informant acting under the direction of law enforcement officials. Defendant's testimony that the informant was his source of supply is not dispositive in determining whether there has been entrapment as a matter of law. Rather, for the issue to be one of law, the prosecution's evidence must be insufficient to warrant a jury finding that defendant was predisposed to commit the offense. See Hampton v. United States, 425 U.S. 434, 96 S.Ct. 1646, 48 L.Ed.2d 113.
Here, as in Yeager v. People, 170 Colo. 405, 462 P.2d 487, defendant's testimony standing alone might establish entrapment as a matter of law. However, our review of the record convinces us that there was sufficient evidence to make the issue one of fact. That is, defendant's activity surrounding this sale and his asserted willingness to make additional sales would support a jury inference that he had merely been afforded the opportunity to commit the offense and had not been induced to do something he would otherwise not have done. Hence, entrapment was not established as a matter of law, and the trial court properly submitted the case to the jury.
Defendant also contends that a new trial is warranted because of allegedly improper statements made by the prosecution in closing argument. Defendant's objections to the challenged statements were sustained, and in one instance the trial court cautioned the jury sua sponte to disregard the statement. Defendant did not request a mistrial nor a cautionary or curative instruction beyond those given. Also, the jury had been instructed prior to summation that the arguments of counsel were not to be considered as evidence, and counsel also advised them of that principle in their closing arguments. Under these circumstances, *1273 there was not reversible error. People v. Motley, 179 Colo. 77, 498 P.2d 339; People v. McKnight, Colo.App., 567 P.2d 811.
Defendant also alleges the court committed plain error in failing to instruct the jury that the sale of narcotic drug offense set forth in § 12-22-302, C.R.S.1973, requires an "intentional" culpable mental state. We find no error where, as here, the court instructed the jury that the acts constituting the offense must be done "knowingly." The Supreme Court has approved the use of the term "knowing" in its subjective connotation as correctly defining the degree of culpability required for a parallel offense included within § 12-22-302, C.R.S.1973. People v. Quick, Colo., 544 P.2d 629. See People v. Nelson, Colo., 539 P.2d 477.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.