The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard HARFMANN, Defendant-Appellant.

No. 80CA0094.

Colorado Court of Appeals, Div. III.

May 7, 1981.

As Modified on Denial of Rehearings June .4, 1981.

Certiorari Denied Sept. 8, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dennis L. Blewitt, Boulder, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his jury conviction of possession of cocaine. We affirm.

Defendant was arrested for driving under the influence of alcohol and taken to the Boulder Criminal Justice Center. During an initial search, police officers removed defendant's personal property, including a package of cigarette papers, from him and, pursuant to routine procedures, placed all his personal items in a property bag for inventorying. Because of the press of business, the inventory was performed some thirty minutes later. When the officer who performed the inventory search opened the package, a small bag containing cocaine was discovered among the cigarette papers. At trial defendant testified that prior to his arrest he had been drinking with a friend, that the friend had given him the packet of white powder and told him it was "speed" to help him stay awake while driving, and that he was unaware that the packet contained cocaine.

Defendant argues that the search of his possessions in the property bag at the Justice Center violated his constitutional right against unreasonable searches. Defendant concedes that the police had probable cause to arrest him for driving while intoxicated, but contends that they were required to obtain a warrant before searching the contents of the property bag at the Justice Center. We disagree.

The arresting officers were entitled to conduct a thorough search of defendant's person at the time of his custodial arrest and to seize any contraband they discovered, even though it was not related to the crime for which defendant was initially arrested. *People v. Traubert*, Colo., 608 P.2d 342 (1980); *People v. Ortega*, 181 Colo. 223, 508 P.2d 784 (1973). The fact that the search here was conducted after defendant was transported to the Justice Center and that the cigarette papers were scrutinized a short time after they were taken from defendant does not mandate a different result. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *People v. Glaubman*, 175 Colo. 41,

485 P.2d 711 (1971). Furthermore, the search of defendant's possessions at the Justice Center can also be sustained as an inventory search designed to prevent the introduction of contraband into the jail. *See People v. Glaubman, supra.*

Defendant contends that the trial court erroneously rejected his tendered jury instructions on specific intent and the defense of intoxication. Possession of a narcotic drug in violation of § 12–22–302, C.R.S.1973 (1978 Repl. Vol. 5) is a general intent crime. *See People v. Nelson*, 189 Colo. 260, 539 P.2d 477 (1975). The culpability requirement for this offense is knowing conduct. *People v. Quick*, 190 Colo. 171, 544 P.2d 629 (1976). Hence, defendant was not entitled to an instruction on specific intent. *People v. Sanchez*, 40 Colo.App. 552, 580 P.2d 1270 (1978).

The General Assembly has established that the affirmative defense of voluntary intoxication is not available to one charged with a general intent crime under the Criminal Code. Section 18–1–804, C.R.S.1973 (1978 Repl. Vol. 8). That legislative determination represents a conscious public policy decision respecting the degree to which voluntary intoxication may relieve one of responsibility for criminal conduct. *People v. DelGuidice*, Colo., 606 P.2d 840 (1980); *see People v. Gallegos*, Colo., 628 P.2d 999 (1981). We conclude that the policies adopted by the General Assembly in refusing to permit such defense in general intent crimes defined in the Criminal Code should apply with equal force to general intent narcotics violation crimes under § 12–22–302, *et seq.*, C.R.S.1973 (1978 Repl. Vol. 5).

Defendant argues that the trial court erroneously refused his tendered instruction on possession of a dangerous drug as a lesser-included offense of the crime charged. However, other than the statement defendant attributed to his friend, there was no evidence in the record that defendant possessed any drug other than cocaine. Hence, the trial court properly refused defendant's tendered instruction.

*People v. Tenorio,* 197 Colo. 137, 590 P.2d 952 (1979). Defendant's theory that he mistakenly believed that the bag contained amphetamines was properly presented to the jury in another instruction.

Defendant's contentions that the trial court erroneously instructed the jury on the amount of narcotic drug necessary for conviction and that it erroneously admitted opinion evidence by an expert witness are also without merit.

Judgment affirmed.

SMITH and TURSI, JJ., concur.