The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

J.B. McGHEE, Defendant-Appellant.

No. 82CA0741.

Colorado Court of Appeals,
Div. III.

Nov. 3, 1983.

Rehearing Denied Dec. 1, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David B. Savitz, Denver, for defendant-appellant.

BABCOCK, Judge.

Following a second jury trial, defendant, J.B. McGhee, was convicted of sale of narcotic drugs. Before McGhee's first trial, which resulted in mistrial because the jury was unable to reach a verdict, the trial court rejected a proposed plea agreement

between McGhee and the prosecutor. On appeal, McGhee seeks reversal of the conviction. Concluding there was error in the giving of certain instructions, we reverse and remand for new trial.

On March 19, 1980, an undercover police officer went to a Denver shoeshine parlor accompanied by an informant for the purpose of purchasing narcotics. When they entered, the informant approached McGhee and initiated a conversation out of hearing of the undercover officer. The informant and undercover officer then went outside to wait for McGhee who had agreed to obtain some heroin for the informant. When McGhee came out, he collected $50 for the heroin and instructed them to meet him at a designated location in a nearby residential area.

Shortly after arrival at the designated location, the informant and undercover officer saw McGhee drive up, park approximately one block away, and get out of his car. He then walked over to the corner of the block and dropped a crumpled cigarette package on the ground. As the informant and undercover officer approached, McGhee pointed to the cigarette package. After the informant picked it up, McGhee drove away.

The cigarette package contained two balloons filled with a brownish substance which was later determined to be heroin. The entire episode was witnessed by three police officers from an undercover surveillance van.

## I. Plea Agreement/Judicial Bias

McGhee contends that the trial court's rejection of the plea agreement negotiated between the parties constituted an abuse of discretion. We do not agree.

Section 16–7–302(3), C.R.S.1973 (1978 Repl.Vol. 8) and Crim.P. 11(f)(5) provide that the judge in every case should use independent judgment in determining whether to grant a sentence concession. *See People v. Wright,* 38 Colo.App. 271, 559 P.2d 249 (1976), *aff'd,* 194 Colo. 448, 573 P.2d 551 (1978); *see also People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971);

*ABA, Standards of Criminal Justice,* Standard 14–3.3(b).

■ Here, the plea agreement provided that McGhee, in exchange for a plea of guilty to the charge of sale of narcotic drugs, be granted probation for a maximum of two years. In rejecting this agreement, the trial court emphasized the serious nature of the offense, McGhee's prior conviction for dispensing illegal drugs (heroin), and the pre-plea report which, among other things, recommended that probation be denied. Thereafter, McGhee pled not guilty and proceeded to trial. Under these circumstances, we conclude that the trial court's denial of the agreement did not constitute an abuse of discretion.

■ McGhee also contends that the trial court's rejection of the plea agreement evidenced a bias on the part of the judge with respect to the charged offense rendering him unfit to preside at trial. McGhee has failed to demonstrate sufficient facts to show bias and prejudice on the part of the trial judge. *See Walker v. People,* 126 Colo. 135, 248 P.2d 287 (1952).

## II. Procuring Agent Defense

McGhee primarily contends that the trial court erred in refusing to submit to the jury his tendered instruction concerning the procuring agent defense. We agree.

Before trial, the court ruled that it would entertain McGhee's instruction if the evidence revealed a foundation for it. McGhee testified as follows concerning this transaction. The informant, whom he had known for several years, approached him in the shoeshine parlor as he was playing dominos and asked him whether he had any heroin. McGhee told him that he did not. However, he told the informant, who had indicated that "he was getting sick from the habit," that he would see what he could do. After the domino game was over, while the informant and undercover officer waited outside, McGhee telephoned "Phil" with whom he made arrangements to purchase some heroin for the informant. McGhee testified further that he had no

business relationship with "Phil," that he received no compensation from "Phil" for arranging the deal, that "Phil" refused to deal directly with strangers, and that he acted solely on behalf of the informant, the buyer, throughout the transaction.

The informant testified that McGhee told him that he was "holding" and instructed the informant to wait outside of the shoeshine parlor. His testimony as to the events that occurred after McGhee came outside was substantially the same as McGhee's testimony. However, his testimony as to the amount of time between the initial conversation inside the shoeshine parlor and subsequent discussion outside, and also the amount of time between the discussion outside of the shoeshine parlor and McGhee's arrival at the designated location, conflicted with that of McGhee giving rise to questions as to whether McGhee had made the telephone call to "Phil" and whether McGhee had procured the heroin from "Phil" prior to delivery.

During trial, the testimony of both the informant and McGhee was impeached by prior convictions. The undercover officers were not privy to the discussion at the shoeshine parlor and, therefore, were unable to corroborate the testimony of either with respect to that conversation.

The procuring agent defense arises where a defendant acts as an exclusive agent of the buyer and is therefore a principal in the *purchase* of the narcotic rather than the sale. *People v. Palmer*, 652 P.2d 1092 (Colo.App.1982). Where there is evidence that tends to show that a defendant acted solely as the agent for the buyer, the defendant is entitled to an instruction on the procuring agent defense, *Santiago v. People*, 192 Colo. 320, 558 P.2d 441 (1977), and the jury, as the sole judge of credibility, must determine the validity of the procuring agent defense. *People v. Smith*, 623 P.2d 404 (Colo.1981).

Here, the record contains evidence, albeit conflicting, tending to show that McGhee acted solely on behalf of the informant. Therefore, the determination of the truth of McGhee's theory of defense, no matter how improbable or unreasonable it may be, is a jury function, *People v. Moya*, 182 Colo. 290, 512 P.2d 1155 (1973), and McGhee is entitled to submission of the procuring agent defense instruction to the jury.

### III. Psychiatric Examination

Next McGhee asserts that the trial court erred by failing to order a psychiatric examination of the informant to aid in determining his competency to testify. We disagree.

Section 13–90–106(1)(a), C.R.S. 1973, prohibits persons who are of unsound mind at the time of their production for examination from testifying. When the mental state of a witness is challenged, the question of competency is for the court, but the question of credibility is within the exclusive province of the jury. *Johnson v. People*, 171 Colo. 505, 468 P.2d 745 (1970). The decision to order an involuntary psychiatric examination of the witness for the purpose of determining competency to testify is within the sound discretion of the trial court, *Small v. People*, 173 Colo. 304, 479 P.2d 386 (1970), and should only be granted where a compelling reason for it exists. *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980).

As grounds for his motion for psychiatric examination, McGhee alleged: (1) that the informant had been addicted to heroin for 20 years; (2) that the informant had admittedly lied on numerous occasions to further his own interests; and therefore, a psychiatric examination was the only appropriate means by which to determine whether the informant possessed the ability to tell the truth or to discern truth from falsity on any occasion.

These grounds pertain to the informant's credibility rather than his competency to testify. *See People v. Piro*, 671 P.2d 1341 (Colo.App.1983). Evidence concerning each was introduced at trial, and the jury was properly instructed with respect to witnesses' credibility. Therefore, the trial court

properly denied McGhee's motion for psychiatric examination of informant.

### IV. Culpable Mental State

McGhee also asserts that the trial court erred in failing to instruct the jury on the culpable mental state necessary for the specific elements of sale of narcotic drugs. We agree.

 The offenses proscribed by § 12–22–302, C.R.S.1973 (1978 Repl.Vol. 8) are general intent offenses having a culpability requirement of knowing conduct which does not entitle a defendant to an instruction on specific intent. *People v. Harfmann,* 633 P.2d 500 (Colo.App.1981). And, the court must instruct the jury that each of the elements constituting the offense charged must be done "knowingly." *People v. Sanchez,* 40 Colo.App. 552, 580 P.2d 1270 (1978).

 Although the trial court properly instructed the jury that McGhee had to have knowledge that the substance was in fact heroin, it erroneously failed to instruct the jury that the culpability requirement of knowingly also applied to the sale of the heroin.

### V. Cross-Examination and Redirect Examination

McGhee also contends that the prosecutor exceeded the proper bounds of cross-examination of McGhee and of redirect examination of the informant. Because these issues may arise on retrial, we elect to address them here.

McGhee testified on direct examination that he had been convicted in federal court in 1972 or 1973 of dispensing a narcotic drug, heroin. On cross-examination the prosecutor asked him whether he had personally dispensed the heroin to a federal officer.

 All prior felony convictions and their nature may be shown to impeach a defendant's testimony when he elects to testify on his own behalf. *Candelaria v. People,* 177 Colo. 136, 493 P.2d 355 (1972); *People v. Renstrom,* 657 P.2d 461 (Colo.

App.1982); § 13–90–101, C.R.S.1973. The scope of cross-examination with respect to the details of the prior conviction is within the discretion of the trial court. *People v. Medina,* 40 Colo.App. 490, 583 P.2d 293 (1978). To be admissible, however, the evidence of the details of the prior conviction must be relevant. CRE 401.

 Here, the admission of evidence as to whom McGhee had dispensed the narcotic had no bearing on any fact of consequence in this action because he had previously admitted the prior conviction. Consequently, this line of inquiry should have been excluded on the basis of relevancy.

During cross-examination of the informant, defense counsel elicited evidence regarding the past relationship between the informant and McGhee apparently for the purpose of establishing the procuring agent defense. The prosecutor, on redirect examination, delved further into the relationship to establish that they had been "business" associates as well as friends.

 Once some evidence of this affirmative defense is introduced, the prosecution has the burden of proving beyond a reasonable doubt the defendant's guilt on that issue. *People v. Palmer, supra.* Because the evidence of a "business" relationship tended to dispel the validity of the procuring agent defense and was not unduly prejudicial, the trial court acted within its discretion in permitting the prosecution to question the informant about this matter on redirect examination. CRE 401 and 403; *see People v. Gomez,* 632 P.2d 586 (Colo. 1981).

Because McGhee's remaining contentions are unlikely to arise during retrial, we need not discuss them here.

The judgment of conviction is reversed and the cause is remanded for new trial consistent with the views expressed herein.

STERNBERG and TURSI, JJ., concur.