*493 KENNARD, J., Concurring and Dissenting.
At defendant’s jury trial for the crime of kidnapping for robbery (Pen. Code, § 209, subd. (b)(1)),[1] the prosecution’s evidence showed that defendant personally robbed but did not personally kidnap the victim; rather, he aided and abetted the kidnapper. The trial court did not, however, instruct the jury on the law of aiding and abetting, but only on the liability of a direct perpetrator for the crime of kidnapping for robbery, of which defendant was later convicted.
Like the majority, I conclude that the trial court’s omission of aiding and abetting instructions was error but harmless. But unlike the majority, I am of the view that the error violated the federal Constitution, thus requiring reversal of defendant’s conviction unless it appears beyond a reasonable doubt that the error did not, as I conclude, contribute to the jury’s verdict. (Chapman v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824] (Chapman).) In contrast, the majority views the error as violating only state law, in which case the inquiry is whether a reasonable probability existed that the error affected the trial’s outcome (People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243]), a standard less favorable to a defendant than Chapman’s.
I
This court has defined an aider and abettor as a person who, “ ‘acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime.’ ” (People v. Prettyman (1996) 14 Cal.4th 248, 259 [58 Cal.Rptr.2d 827, 926 P.2d 1013].) This court later observed: “When two or more persons commit a crime together, both may act in part as the actual perpetrator and in part as the aider and abettor of the other, who also acts in part as an actual perpetrator.” (People v. McCoy (2001) 25 Cal.4th 1111, 1120 [108 Cal.Rptr.2d 188, 24 P.3d 1210].)
An element of kidnapping for robbery is asportation, meaning movement of the victim that is not merely incidental to the robbery and substantially increases the risk of harm beyond that necessarily present in the robbery itself. (§ 209, subd. (b)(2); People v. Rayford (1994) 9 Cal.4th 1, 11-12 [36 Cal.Rptr.2d 317, 884 P.2d 1369].) Defendant here did not personally asport the victim, Melvin Perez, because the kidnapping was based on Perez’s being locked in a moving car driven not by defendant but by his companion. *494 Rather, by assisting the driver of the car, defendant acted as an aider and abettor. Consequently, the jury needed to be instructed on the above described elements of aiding and abetting, which are additional to those of the charged crime of kidnapping for robbery. The trial court, however, did not instruct the jury on aiding and abetting, but only on the liability of a direct perpetrator for the crime of kidnapping for robbery.
A trial court’s failure to instruct on all the elements of an offense violates the federal Constitution. (Neder v. United States (1999) 527 U.S. 1, 8-9 [144 L.Ed.2d 35, 119 S.Ct. 1827] (Neder); People v. Sakarias (2000) 22 Cal.4th 596, 624-625 [94 Cal.Rptr.2d 17, 995 P.2d 152] (Sakarias).) When in a particular case jury instructions on aiding and abetting are called for, a trial court’s failure to so instruct is equivalent to not instructing the jury on all elements of the offense. (People v. Reyes (1992) 2 Cal.App.4th 1598, 1601 [4 Cal.Rptr.2d 48] (Reyes).)
According to the majority here, the jury could reasonably find that defendant directly committed the asportation element of kidnapping because “[t]here was substantial evidence defendant personally moved Perez by preventing him, during their struggle in the backseat, from escaping a moving vehicle.” (Maj. opn., ante, at p. 488.) In support, the majority cites this court’s decision in In re Michele D. (2002) 29 Cal.4th 600, 604 [128 Cal.Rptr.2d 92, 59 P.3d 164] (Michele D.). The issue there, however, pertained to the amount of force required to kidnap an unresisting infant or child, not whether the asportation element of kidnapping can be satisfied by preventing a victim from escaping a moving vehicle. (Id. at p. 603.)
Even if Michele D., supra, 29 Cal.4th at page 604, provided a basis of support for the majority’s conclusion, here evidence is lacking that it was defendant who prevented Perez from escaping the moving car. Perez testified that he voluntarily entered the car (the prosecutor did not claim otherwise), and that when he later tried to get out, he could not because defendant’s companion, who was driving the car, had locked the rear doors in a way that prevented Perez from unlocking them from the backseat where defendant and Perez were. The evidence thus shows that it was the car’s driver, not defendant, who asported Perez.
In any event, a review of the record indicates that the jury must have convicted defendant as an aider and abettor, for two reasons.
*495 First, ample evidence exists to support that theory. On the evening of the incident, defendant and Perez had been drinking at the same bar and witnesses observed defendant staring at Perez’s jewelry. When Perez left the bar, hours after defendant had left, defendant was standing outside the bar next to a sport utility vehicle; Myra Gonzales was in the driver’s seat. Defendant and Gonzales suggested to Perez that he join them for a drink elsewhere, adding that they could also give him a ride home. After Perez voluntarily entered the car, Gonzales drove several blocks before stopping so defendant could move from the front passenger seat to the backseat, where Perez was; Perez then tried to get out of the car but could not because the rear doors had been locked by Gonzales and could not be unlocked from the backseat. Gonzales continued driving while defendant robbed and stabbed Perez, after which defendant pushed Perez out of the car. These facts, considered together, show that defendant aided and abetted Gonzales in asporting Perez for the purpose of kidnapping for robbery.
Second, the prosecutor at trial relied on a theory of accomplice liability to establish the kidnapping’s element of asportation. Responding to defense counsel’s argument to the jury that the element of asportation had not been satisfied because defendant “wasn’t driving the car,” the prosecutor said in rebuttal: “[Defendant] was working with this other person. The other person [(Gonzales)] was driving. It appears that during this robbery and the struggle for many blocks, this person continued to drive while this struggle [between defendant and Perez] was going on.”
As the evidence showed that defendant committed the kidnapping’s element of asportation not as a direct perpetrator but only as an aider and abettor, the omission of jury instructions on the elements of aiding and abetting was tantamount to a failure to instmct on an element of the offense, here kidnapping for robbery. Because that omission made the jury unaware of the requisite elements, the omission implicates the federal Constitution. (See Neder, supra, 527 U.S. at pp. 8-9; Sakarias, supra, 22 Cal.4th at pp. 624—625.)
In explaining its conclusion that the trial court’s error here does not violate the federal Constitution, the majority contrasts this case, in which the jury received no aiding and abetting instructions, with one in which the jury received incomplete aiding and abetting instructions. (Maj. opn., ante, at pp. 489-490.) With regard to the latter situation, the majority says: “When an instruction tells the jury it may convict the defendant on a theory he or she aided and abetted in commission of the offense, but omits one or more of that theory’s necessary findings, the error may be deemed equivalent to omitting an element of a charged offense.” (Maj. opn., ante, at p. 490.) Here, the *496 majority says, the trial court’s error is not the equivalent of omitting an element of a charged offense because “the court omitted from its instructions all mention of complicity, giving the jury no basis for resting a guilty verdict on anything other than defendant’s personal commission of the criminal acts.” (Maj. opn., ante, at pp. 489-490, italics added.)
But, as I have explained, defendant did not personally commit the act of asportation. Defendant aided and abetted driver Gonzales’s perpetration of that act, and the prosecution at trial relied on that theory. When an element of a charged offense is only supported by a theory of accomplice liability, entirely omitting accomplice liability instructions, like providing incomplete instructions (see People v. Beeman (1984) 35 Cal.3d 547, 555, 561 [199 Cal.Rptr. 60, 674 P.2d 1318]), is tantamount to not instructing on an element of the offense (Reyes, supra, 2 Cal.App.4th at p. 1601), thus violating the federal Constitution (Neder, supra, 527 U.S. at pp. 7-9; Sakarias, supra, 22 Cal.4th at pp. 624-625). I now consider whether the error prejudiced defendant.
II
A trial court’s failure to instruct on an element of a charged offense violates the federal Constitution by relieving the jury of its obligation to determine whether all the elements of the offense were proven beyond a reasonable doubt; whether the error prejudices the defendant or is harmless is evaluated under the standard the high court articulated in Chapman, supra, 386 U.S. at page 24. (Neder, supra, 527 U.S. at pp. 8-9; Sakarias, supra, 22 Cal.4th at pp. 624-625.) Under Chapman, the pertinent inquiry is whether it appears “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” (Chapman, supra, at p. 24.) When the error pertains to omission of a jury instruction on an element of the offense, a reviewing court must determine “whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.” (Neder, supra, at p. 19.)
As I have noted (see p. 495, ante), after defendant and accomplice Gonzales approached Perez outside the bar, they offered him a ride in their car, which he accepted. Once inside, driver Gonzales locked the car’s rear doors to prevent Perez from getting out so defendant could rob him. In my view, these facts show beyond a reasonable doubt that the trial court’s omission of aiding and abetting instructions did not contribute to the jury’s *497 conviction of defendant for kidnapping for robbery, because, based on the evidence presented, the jury would have found the elements of aiding and abetting had it been instructed on that theory. Therefore, the error at issue was harmless and, like the majority, I would affirm the Court of Appeal’s judgment upholding defendant’s c.onviction of kidnapping for robbery.
Appellant’s petition for a rehearing was denied June 12, 2013, and the opinion was modified to read as printed above.

 All further statutory references are to the Penal Code.