[Crim. No. 35988. Second Dist., Div. Five. Jan. 14, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
OWENS DWAYNE KELLY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Edward H. Schulman, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—This case has been remanded to us by the California Supreme Court for reconsideration in light of *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862], and *People* v. *Garcia* (1984) 36 Cal.3d 539 [205 Cal.Rptr. 265, 684 P.2d 826].

By information appellant Kelly was charged with the murder of Peter Kleeman in violation of section 187 of the Penal Code. It was further alleged that the murder was committed while appellant was engaged in or was an accomplice in the commission or attempted commission of robbery, in violation of Penal Code section 211, within the meaning of Penal Code section 190.2, subdivision (a)(17)(i). A jury found appellant guilty of murder in the first degree and found true the special circumstance allegation. Since the prosecutor had elected not to seek the death penalty, appellant was committed to state prison for life without possibility of parole. (Pen. Code, § 190.2.)

On the night of March 9, 1979, appellant and two other men beat and robbed the victim in a parking lot. The victim was beaten and kicked in the head, became unconscious, and died thereafter of his head injuries.

It is clear from the record that the fact the killing was committed in the course of a robbery or attempted robbery was the basis for both the finding that the murder was of the first degree under the felony-murder rule (Pen. Code, § 189) and the finding of special circumstances pursuant to Penal Code section 190.2, subdivision (a)(17)(i). The prosecutor expressly told the jury he was proceeding on a felony-murder theory. The jury was instructed upon first degree felony murder but not upon deliberate and premeditated first degree murder. The instructions to the jury on the special circumstance allegation stated in pertinent part that "[t]o find that the special circumstance, referred to in these instructions as murder in the commission of robbery, is true, it must be proved: . . . That the murder was committed while the defendant was engaged in or was an accomplice in the commission or attempted commission of a robbery." No instruction required the jury to find, in order to support either a first degree verdict or a special circumstance finding, that the defendant actually intended to kill the victim.

In *Carlos* v. *Superior Court, supra,* 35 Cal.3d at pages 153-154, the Supreme Court held that in order to subject a defendant to a sentence of death or life imprisonment without possibility of parole pursuant to Penal Code section 190.2, subdivision (a)(17), the prosecution must prove that the defendant intended to kill.

In *People* v. *Garcia, supra,* 36 Cal.3d at pages 547-549, the Supreme Court held that the rule of *Carlos* v. *Superior Court* applies retroactively to all cases not yet final. The Supreme Court further held, at pages 544, 549-557, that because the failure to instruct upon the required intent as an element of a special circumstance finding removes the issue of intent from the jury, such omission constitutes error which is necessarily prejudicial, that is, reversible per se, with certain limited exceptions. The court concluded, "[T]he present case does not fall within any of the exceptions to automatic reversal. The omitted instruction on intent related to the special circumstance found to be true, not to some crime or special circumstance of which defendant was acquitted. Defendant did not concede intent. The jury did not find that he intended to kill in connection with some other, proper instruction. And the evidence does not come close to establishing intent to kill as a matter of law." (*People* v. *Garcia, supra,* 36 Cal.3d at pp. 556-557.)

■ Similarly here, since the first degree finding was also based on a felony-murder theory, the jury did not by its verdict necessarily determine that appellant intended to kill. Appellant did not concede intent (he pre-

sented an alibi defense) and the evidence does not establish intent to kill as a matter of law. Therefore, *People* v. *Garcia, supra,* requires that the special circumstance finding be set aside. This requires only that the judgment be modified, since appellant's conviction of first degree murder under the felony-murder rule was otherwise proper. (Pen. Code, §§ 189, 190; *People* v. *Dillon* (1983) 34 Cal.3d 441, 450 [194 Cal.Rptr. 390, 668 P.2d 697].) Unless the People demand to retry appellant on the special circumstance allegation (*People* v. *Garcia, supra,* 36 Cal.3d at pp. 557-558), remanding the matter to the trial court would waste judicial resources on an unnecessary proceeding, since the sentence prescribed by law for first degree murder (25 years to life, Pen. Code, § 190) involves no selection of term and there is no reasonable possibility appellant could be granted probation. Accordingly, in order to conserve judicial resources, we shall simply modify the judgment to eliminate the effect of the invalid special circumstance finding. If the People are not satisfied with such a modification and desire instead to retry the special circumstance allegation, the People may petition this court, within the time to petition for rehearing, requesting that the finding be reversed and the cause remanded. (See *People* v. *Shavers* (1969) 269 Cal.App.2d 886, 889-890 [75 Cal.Rptr. 334]. Cf. *People* v. *Aikin* (1971) 19 Cal.App.3d 685, 706 [97 Cal.Rptr. 251]; *People* v. *Garcia* (1972) 27 Cal.App.3d 639, 647-648 [104 Cal.Rptr. 69].)

The judgment is modified by striking the finding pursuant to Penal Code section 190.2, subdivision (a)(17), and by providing that the defendant is sentenced to state prison for a term of 25 years to life. As so modified, the judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.