Filed 12/3/15  P. v. Haas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062013 |
| v. | (Super.Ct.No. FSB1204873) |
| JONATHAN HAAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed as modified.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A.    PROCEDURAL HISTORY

On November 13, 2012, an information charged defendant and appellant Jonathon Haas with first degree murder under Penal Code[1] section 187, subdivision (a). The information also alleged that defendant personally used a deadly weapon, a knife, in the commission of the offense under section 12022, subdivision (b)(1).

On August 1, 2014, a jury found defendant not guilty of murder, but guilty of the lesser included offense of voluntary manslaughter under section 192, subdivision (a). The jury also found the knife-use allegation true. The trial court subsequently sentenced defendant to the upper term of 11 years in prison, but stayed the one-year knife-use enhancement term. The court also imposed a $300 restitution fine and a $300 parole revocation restitution fine. Defendant filed a timely notice of appeal.

### B.    FACTUAL HISTORY

On October 26, 2012, defendant stabbed the victim to death after a fight over their bicycles. That morning, Kaven and Kelli Holland were driving on Highland Avenue; they saw defendant and the victim holding their bicycles and arguing. Defendant punched the victim repeatedly as he held onto a bicycle and tried to protect himself. The victim had his hand up in a defensive manner and tried to push defendant away. Defendant then stabbed the victim in the chest and ran off. The victim, still clinging to his bicycle, turned around, staggered away, and collapsed.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Kaven and Kelli stopped and got out to help the victim. While Kaven stayed with the victim, Kelli called 911[2] and then got back into the car to follow defendant as he ran away. Defendant ran across the street, through a parking lot and some businesses. Defendant's friend picked defendant up and drove away. The victim subsequently died from his injuries. Police searched the home defendant was staying in. They found defendant's bloody clothing, and a knife in defendant's shorts. Police found defendant at a bar that evening and arrested him.

In a post-arrest interview, defendant told an officer that he had stabbed the victim by accident. Defendant said that he was riding his bicycle when he saw the victim, who had previously been hanging out around the area. Defendant approached the victim to tell him to stay away from defendant's house. Defendant claimed that after he finished talking to the victim, the victim initially left. The victim, however, stopped, turned back around, and attacked defendant with what looked like a bicycle pump. Defendant stated that he defended himself by swinging the knife at the victim. Defendant claimed that he did not know how the folding knife's blade came to be exposed.

**DISCUSSION**

A.  <u>THE TRIAL COURT ERRED IN STAYING DEFENDANT'S</u>
<u>SENTENCE ON THE KNIFE-USE ENHANCEMENT</u>

Defendant contends that the enhancement under section 12022, subdivision (b) for personal use of a deadly or dangerous weapon in the commission of a felony should have

---

[2] The 911 call was played for the jury.

been stricken, not stayed, under California Rules of Court, rule 4.420 ("Rule 4.420"). The People agree that the trial court erred in staying the sentence. However, the People argue this case should be remanded to the trial court for the court to strike or impose the sentence. We agree with defendant and strike the enhancement.

1.     *BACKGROUND*

On September 2, 2014, the trial court sentenced defendant to the upper term of 11 years for his conviction of voluntary manslaughter under section 192, subdivision (a), a lesser included offense of count 1. The court imposed and stayed the one-year enhancement under section 12022, subdivision (b)(1). The court stated that since it had "considered the fact that the defendant used a weapon in deciding that the aggravated term of 11 years is the appropriate term[,]" that it should stay the enhancement under Rule 4.420, instead of imposing it.

2.     *THE ONE-YEAR ENHANCEMENT IS STRICKEN*

Mandatory enhancements must be imposed unless stricken. (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Section 12022, subdivision (b)(1), provides that "A person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, unless use of a deadly or dangerous weapon is an element of that offense." Section 12022, subdivision (b)(1), uses mandatory language, thus the sentencing enhancement must be imposed or stricken. Moreover, under Rule 4.420, a court may only use a "fact charged and found as an

4

enhancement" to impose the upper term "only if the court has discretion to strike the punishment for the enhancement and does so."

In this case, the trial court found that Rule 4.420 applied. It found that defendant's knife-use allegation during the commission of the crime was an aggravating factor, which justified the imposition of the upper term of his sentence. The court stated that because it "considered the fact that the defendant used a weapon in deciding that the aggravated term of 11 years is the appropriate term," the extra one-year term for the section 12022, subdivision (b)(1) enhancement should not apply. The court, therefore, stayed the one-year sentence. However, under Rule 4.420, the court should have stricken the enhancement. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 848.)

The People agree that the trial court erred in staying the one-year sentence for the enhancement, and that the trial court imposed the upper term because defendant used a knife and then "stated that it was 'mindful' of rule 4.420 and its mandate that the court could not impose the enhancement and also use it to impose the upper term." Nonetheless, the People contend that the case should be remanded because there were other circumstances that could have justified imposing the upper term, "remand is necessary so the trial court can determine whether to impose the upper term based on different aggravating factors and then impose the enhancement, or to strike the enhancement." We disagree with the People and find that a remand is not necessary.

In this case, it is undisputed that the trial court intended to follow Rule 4.420, subdivision (c). The record is clear that the trial court did not intend to impose the punishment mandated by the enhancement as it stayed the imposition of the sentence

5

instead of imposing it.  When a trial court's intention is clear, we "need not remand for resentencing, but can modify the judgment to reflect the intent of the trial court." (*People v. Gutierrez* (1996) 46 Cal.App.4th 804, 816; see also § 1260.)  A remand would "waste judicial resources on an unnecessary proceeding." (*People v. Kelly* (1985) 163 Cal.App.3d 619, 622.)  Here, as discussed above, the trial court clearly indicated that it was staying the one-year sentence on the enhancement because the enhancement was used to justify imposing the upper term on the main offense.  Accordingly, the personal use of a deadly weapon enhancement should have been stricken.

Moreover, remand is not required because the trial court is not allowed to increase defendant's aggregate sentence on remand.  On remand after a sentencing error, a trial court may not impose an aggregate sentence that exceeds the original sentence.  (*People v. Castaneda* (1999) 75 Cal.App.4th 611, 613-614.)  The People argue that the trial court should be allowed to resentence defendant to either strike or impose the one-year enhancement.  However, if the trial court were to impose the one-year enhancement, defendant's sentence would be increased by one year—exceeding the original sentence.  A remand, therefore, is unnecessary.

B.  THE RESITUTION FINES ARE REDUCED

Defendant contends that his restitution and parole revocation fines should be reduced from $300 to $240, because the trial court improperly imposed the fees based on the law in effect at the time he was sentenced in 2014, rather than the law in effect at the time of his crimes in 2012.  We agree.

6

Section 1202.4, subdivision (b)(1), states that a restitution "fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014."

In this case, defendant committed the instant offense on October 26, 2012. At the sentencing hearing in 2014, the trial court imposed a $300 restitution fine under section 1202.4, indicating that it was imposing "a statutory minimum." However, because defendant committed the instant offense in October of 2012, the minimum fine under section 1202.4, subdivision (b)(1), was $240, not $300.

The People, however, argue that the claim was forfeited because defense counsel failed to object below. However, this lack of objection would then constitute ineffective assistance of counsel (IAC). (See *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1190.) In *Martinez*, the trial court used the minimum fine a formula provided by the restitution statute in effect at the time of sentencing to calculate the defendant's restitution fine. (*Id.* at pp. 1188-1189.) The Court of Appeal concluded that the trial court should have applied the restitution fine in effect at the time the defendant committed his offense. (*Id.* at pp. 1189-1190.) Although the court found the defendant's ex post facto claim was forfeited by his counsel's failure to object in the trial court, it accepted the alternative contention that the lack of objection constituted IAC. (*Ibid.*) The court explained, "[G]iven the court's commitment to use the statutory formula in Penal Code section 1202.4, subdivision (b)(2), it appears more than likely that the court would have imposed the restitution fund fine using the . . . minimum that was in effect

7

when appellant committed his crimes had counsel raised an objection at the sentencing hearing." (*Id.* at p. 1190.) The appellate court then recalculated the defendant's restitution fine using the applicable statutory minimum and ordered the judgment modified accordingly. (*Id.* at pp. 1190-1191.)

Here, similar to *People v. Martinez, supra*, 226 Cal.App.4th 1169, the record is clear the trial court intended to impose the minimum restitution fines. The court stated it was "issuing a . . . statutory minimum" fine. Therefore, we hereby order the restitution and parole revocation fines be reduced from $300 to $240. (*Id.* at pp. 1190-1191.)

## DISPOSITION

The abstract of judgment is modified (1) to reflect that the trial court struck, not stayed, defendant's one-year enhancement under section 12022, subdivision (b)(1); and (2) to reduce the restitution and parole revocation fines from $300 to $240. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. (§§ 1213, 1216.) In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

KING
J.

8