Filed 3/10/25  P. v. Washington CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B336674 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A609715) |
| v. | |
| DONALD WASHINGTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Donald Washington (defendant) appeals the trial court's order summarily denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  The People concede that summary denial was error.  We agree, reverse the court's order, and remand with directions to issue an order to show cause and conduct an evidentiary hearing.

## FACTS AND PROCEDURAL BACKGROUND

I.     **Facts**[3]

A.     *The underlying crime*

In the early morning hours of August 11, 1975, defendant

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) We therefore refer to the law formerly codified at section 1170.95 as section 1172.6.

[3]     We granted the People's request for judicial notice of the preliminary hearing transcript from the record of conviction in Los Angeles County Superior Court case number A609715 as well as the transcripts and opinion from the direct appeal of defendant's conviction.  (See Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.252(a).)  We summarize procedural and evidentiary facts from those documents.

and another man, Alfred Laws (Laws) walked into a liquor store in Carson, California. Defendant pulled out a pistol, announced "This is a holdup," and ordered the manager and clerk to the store's back room. The manager handed defendant a brown paper bag containing $3,000 and told him that was all the money. Defendant shot the manager once in the head and twice more in the side after he fell to the floor. The clerk ran out of the back room and defendant and Laws gave chase. As the manager lay bleeding, he could hear the sounds of a struggle coming from the other room; then five or six gunshots rang out. Someone yelled, "Let's get the hell out of here," and defendant and Laws ran from the liquor store. The clerk was shot six times, including five shots that were fatal (one to the chest and four to the head). The manager survived the shooting.

### B. *Plea, conviction and appeal*

On November 3, 1975, defendant pled guilty to first degree murder (§ 187, subd. (a)), and admitted a firearm use allegation (§ 12022.5). Defendant admitted that he used a firearm and took part in the robbery during which the clerk was killed, but denied personally shooting the clerk. The trial court sentenced defendant to 25 years to life in state prison. Defendant appealed his conviction and we affirmed in an unpublished opinion. (*People v. Washington* (July 13, 1976, CR 28297) [nonpub. opn.].)

## II. Procedural Background

On March 13, 2023, defendant filed a petition seeking resentencing under section 1172.6. In the form petition, defendant checked the boxes for the allegations that he had been charged with murder "under a theory of felony murder [or] under the natural and probable consequences doctrine," and that his

3

murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

On September 7, 2023, the trial court appointed defendant counsel and ordered the prosecution to file a response to the petition. In its response, the People conceded defendant had made a prima facie case for relief and that an order to show cause must issue.

On January 31, 2024, the trial court rejected the People's concession and summarily denied defendant's petition. The trial court's 64-page written order indicates that in addition to the 1172.6 petition, response and reply, the court also reviewed "documentation that [had] been filed with [defendant's] innumerable prior attempts to obtain relief from his sentence, including . . . an earlier petition for writ of habeas corpus, and what could be assembled of the court file." The court concluded defendant was the actual killer because "the overall weight of the evidence supports th[at] conclusion."[4] The court also concluded that defendant aided and abetted Laws with the intent to kill and was a major participant in the robbery who acted with reckless indifference to life, based on defendant's admission that he chose the liquor store to rob, possessed the gun for most of the crime, shot the manager, and then handed the gun to Laws knowing Laws intended to kill the clerk.

Defendant timely appealed this denial.

---

[4]    Specifically, the trial court noted that (1) witnesses at the preliminary hearing had identified defendant as the person who entered the liquor store while armed and who drew a gun, (2) defendant admitted during his plea colloquy that he had a gun and had shot the manager, and (3) Laws said defendant was the shooter.

## DISCUSSION

Defendant maintains that the trial court erred in summarily denying his petition without an evidentiary hearing because defendant alleged a prima facie entitlement to relief in his petition. We review de novo whether a trial court erred in determining that a defendant had failed to establish a prima facie case. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Flores* (2022) 76 Cal.App.5th 974, 989, 991, citing *People v. Lewis* (2021) 11 Cal.5th 952, 966 (*Lewis*).)

As applicable here, section 1172.6 provides that a person convicted of murder may be eligible for resentencing when all of the following conditions apply: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The statute further provides that, once a petition meeting the statutory requirements has been filed, the trial court must appoint counsel, direct the prosecution to respond to the petition and allow the petitioner to reply, and then hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subds. (b)(3), (c).) In assessing whether a petitioner seeking relief has made out a prima facie case warranting an evidentiary hearing, a trial court must take the

petitioner's allegations as true and ask ""whether the petitioner would be entitled to relief if [those] allegations were proved.""" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.""" (*Ibid.*) This is a narrow standard: The record of conviction can foreclose relief at the prima facie stage only if the facts in the record "'*conclusively* refut[e] the allegations in the petition' and establish[], as a matter of law, that the petitioner was convicted under a valid theory." (*People v. Williams* (2024) 103 Cal.App.5th 375, 391, review granted Sept. 11, 2024, S286314.) Facts found by the trial court in the exercise of judicial factfinding do not foreclose relief at the prima facie stage. (*Lewis*, at p. 972.)

Here, the record of conviction does not conclusively establish, *as a matter of law*, that defendant is not eligible for relief. There is no finding by the jury that defendant's conviction rests on a still-valid theory (as there was no jury trial); nor did defendant admit as much during his plea colloquy.[5] Instead, the

---

5      Defendant's admission that the killing occurred during the commission of a robbery did not necessarily encompass an admission that he acted with the intent to kill, as intent to kill was an element of the enhancement only between 1983 and 1987 (*People v. Bolden* (2002) 29 Cal.4th 515, 560 [so holding]; *People v. Kelly* (1985) 163 Cal.App.3d 619, 621 [prior to 1983, this enhancement did not require proof of an intent to kill]), and defendant entered his plea in 1975.

6

trial court's findings that defendant (1) was the actual killer[6] (§ 189, subd. (e)(1)); (2) with the intent to kill, aided and abetted Laws in the commission of murder (§ 189, subd. (e)(2)); and (3) was a major participant who acted with reckless disregard for human life (§ 189, subd. (e)(3)) were based on the trial court's *own review* of the preliminary hearing transcript and other documentation in the court file, and its findings regarding which of the two robbers was the shooter, their mens rea during the shooting, and their roles in the robbery.  These judicially found facts cannot foreclose relief at the prima facie stage.  (E.g., *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [trial court erred in summarily denying relief based on its own review of preliminary hearing transcript], abrogated on other grounds by *Lewis*, *supra*, 11 Cal.5th at p. 963.)

Because the record of conviction does not compel a finding that defendant is ineligible for relief under section 1172.6 as a matter of law, the trial court's summary denial of his petition was erroneous.

## DISPOSITION

The order of January 31, 2024, denying defendant's section 1172.6 petition is reversed, and the matter is remanded to proceed with an evidentiary hearing pursuant to subdivision (d) of section 1172.6.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

[6]    Defendant steadfastly denied he shot the clerk and insisted that Laws did so.

_____, P.J.

HOFFSTADT


We concur:


_____, J.

BAKER



_____, J.

MOOR